PEOPLE, *for use of* J. E. BARTLETT COMPANY, *v.* CARROLL.

1. BONDS—ACTION—DECLARATION—SUFFICIENCY.

A declaration in an action on a bond, brought against the sureties alone, which avers that the bond was delivered by the sureties, is sufficient as against a demurrer on the ground that the bond as pleaded shows that it was not signed by the principals, since if the sureties delivered the bond without the signatures of the principals they would be held to have waived such signatures unless there was an understanding that they were to be procured before the bond should be valid, which matter would be matter of proof at the trial.

2. SAME—CONTRACT SECURED—SETTING FORTH IN BOND—NECESSITY.

It is not necessary that a bond given to secure the performance of a contract mentioned therein should recite a copy of the contract or otherwise identify it, the identity of the contract broken with the one mentioned in the bond being the proper subject of proof at the trial.

3. PUBLIC WORKS—BONDS—LIABILITY OF SURETIES.

Sureties on a bond given for the benefit of laborers and materi-

almen under Act No. 187, Pub. Acts 1905, cannot avoid liability by showing a failure of the municipal authorities to approve the bond.

Error to Jackson; Parkinson, J. Submitted January 17, 1908. (Docket No. 87.) Decided February 15, 1908.

Assumpsit by the People of the State of Michigan, for the use and benefit of the J. E. Bartlett Company, against Stephen H. Carroll and Carl Eberle, sureties upon a statutory bond. There was an order overruling a demurrer to the declaration, and defendants bring error. Affirmed and remanded.

*John W. Miner* ( *Grove H. Wolcott,* of counsel ), for appellants.

*Lyman B. Trumbull,* for appellee.

This case is before us on a judgment overruling a demurrer to the declaration. The declaration alleges that E. J. Tobin and Henry C. Barnes, copartners under the firm name of E. J. Tobin & Co., entered into a contract with the city of Jackson for the construction of a sewer known as the Monkey Run and Third Ward sewer, and that the defendants made, executed, and delivered a bond to said city to secure persons furnishing labor or materials to said Tobin & Co. for said sewer. The bond which is set out verbatim in the declaration reads as follows:

"Know all men by these presents, that we, E. J. Tobin and Henry C. Barnes, of Jackson, Michigan, copartners, trading and doing business as E. J. Tobin & Company, as principals, and S. H. Carroll and Carl Eberle, as sureties, are held and firmly bound into the people of the State of Michigan in the sum of five thousand dollars ($5,000), lawful money of the United States of America, to be paid to the people of the State of Michigan for the use and benefit of any person, firm or corporation to whom any money shall be due and payable on account of having performed any labor or furnished any materials in the erection, construction and repairing of the public works

hereinafter more particularly described, to which payment well and truly to be made, we bind ourselves, our heirs, executors and administrators and each and every one of them firmly by these presents.

" Sealed with our seals and dated the 7th day of November, 1905.

" The condition of this obligation is such that whereas, the principals named have entered into a contract with the city of Jackson, Michigan, for certain work as fully set forth in the contract, plans and specifications. ·

" Now therefore, if said principals above named herein, shall well, truly and faithfully pay any subcontractor or materialmen that may be employed on said work or furnish any materials for said work any indebtedness as the sum shall become due and payable, and if said principals above named shall well and truly pay all indebtedness which may accrue to any person, firm or corporation on account of any labor performed or materials furnished in the erection, construction and repairing of said work, then this obligation shall be void, but otherwise to remain in full force and virtue.

"S. H. CARROLL.  (Seal.)
" CARL EBERLE.  (Seal.)"

The declaration then alleges that the J. E. Bartlett Co. furnished certain materials to Tobin & Co., that Tobin & Co. refused to pay, and that therefore the defendants became liable·on the bond.

The grounds of demurrer are:

(1) That the declaration does not show or aver that the bond was executed by the principals named therein, E. J. Tobin & Company, or delivered by said principals.

(2) That no contract was specified or set forth in the bond for the construction of the sewer mentioned in the plaintiff's declaration.

(3) That there is no averment of the approval of the bond, either as to the sureties or the penalty by the board of public works or the common council of the city of Jackson.

GRANT, C. J. (*after stating the facts*). 1. The bond was evidently given in compliance with Act No. 187, Pub. Acts 1905. Counsel for defendants insist that the declaration does not aver the existence of all the facts essential to maintain the action. Their argument is that

the bond upon its face imports a joint obligation of Tobin and Barnes as principals and the defendants as sureties; that it cannot be changed into a liability of the sureties alone without knowledge or consent on their part, and that there is no averment in the declaration that the bond was delivered by the sureties with knowledge that the principals had not signed or that they had waived execution by the principals. In support they cite *Johnston* v. *Township of Kimball*, 39 Mich. 187. That case was tried upon the merits, and the proofs showed that the bond in question was accepted by the supervisor without any knowledge or consent of the sureties that it was not to be signed by the principal.

The questions of knowledge and waiver are not raised by the demurrer or assignments of error. We think, however, that a complete answer to this entire contention is that the declaration avers that the bond was delivered by the defendants themselves. If they delivered it to the obligee without the signatures of the principals they would be held to have waived such signatures, unless there was an understanding that they were to be procured before the bond should be valid. There is no presumption that defendants delivered the bond by mistake. The question therefore becomes one of proof upon the trial.

2. The second ground of demurrer is without merit. The declaration alleges the execution of the contract and the bond at the same time, and that the bond was given to secure the faithful performance of the contract. The identity of the contract with the one mentioned in the bond is the proper subject of proof upon the trial.

3. Defendants cannot avoid liability by showing the failure of the municipal authorities to approve the bond. *People* v. *Johr*, 22 Mich. 461. See, also, *Board of Education of Detroit* v. *Grant*, 107 Mich. 151.

Judgment affirmed, and the cause remanded for further proceedings.

BLAIR, MOORE, CARPENTER, and McALVAY, JJ., concurred.