GENERAL RAILWAY SIGNAL COMPANY, Respondent, *v.* THE TITLE GUARANTY AND SURETY COMPANY, Appellant.

Guaranty and surety — bond indemnifying employer against loss arising from larceny or embezzlement of a clerk — waiver of provision therein that bond shall be "of no effect unless signed by the employee."

This action was brought upon a bond issued by the defendant to the plaintiff, by which the former agreed to indemnify the latter against any pecuniary loss occurring through the larceny, or embezzlement, of one of its clerks. Defendant alleged the invalidity of the bond by reason of non-compliance with the provision that it should be "of no effect unless signed by the employé." The defendant, at the time the bond was delivered, held an agreement by the employee to repay any losses it might sustain by reason thereof. The bond was prepared by defendant's agents and forwarded with a letter stating "enclosed herewith please find bond duly executed

on behalf of Ralph J. Ellis (the employee) which we trust will be satisfactory," and accepted payment of the premium thereon. *Held,* that defendant waived the signature of the employee and is liable upon the bond.

*General Ry. Signal Co.* v. *Title Guaranty & Surety Co.,* 139 App. Div. 925, affirmed.

(Argued October 26, 1911; decided November 28, 1911.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered June 6, 1910, affirming a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term, a jury having been waived.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Charles Van Voorhis* for appellant. The bond was invalid and of no effect and never became a binding obligation upon this defendant because it was not signed by the employee. (*U. C. L. Ins. Co.* v. *U. S. F. & G. Co.,* 99 Md. 423; *U. S. F. & G. Co.* v. *Ridgeley,* 97 N. W. Rep. 836; *Adelberg* v. *U. S. F. & G. Co.,* 45 Misc. Rep. 376; *Platauer* v. *American Bonding Co.,* 92 N. Y. Supp. 238; *Smith* v. *Molleson,* 148 N. Y. 246; *Union Ins. Co.* v. *Central Trust Co.,* 157 N. Y. 655.) There was no waiver of the provision of the bond that it would be invalid and of no effect unless signed by the employee; neither has the defendant by its conduct estopped itself from asserting that the bond was invalid. (*Baumgartel* v. *P. W. Ins. Co.,* 136 N. Y. 547; *N. Assur. Co.* v. *G. V. B. Assn.,* 183 N. Y. 308; *Coe* v. *Hobby,* 72 N. Y. 148; Herman on Estoppel, 954; *Wood* v. *American F. Ins. Co.,* 149 N. Y. 382; *Robbins* v. *S. F. & M. Ins. Co.,* 149 N. Y. 477; *Gray* v. *G. F. Ins. Co.,* 155 N. Y. 180; *Allen* v. *G. & A. Ins. Co.,* 123 N. Y. 6.)

*Hiram R. Wood* for respondent. There is ample evidence to support the findings that the signature of

Ellis to the bond in suit was waived by the appellant, and it has by its conduct estopped itself from asserting the invalidity of the bond on that account; and that the appellant issued the bond intending to be bound thereby, although the same, to its knowledge, lacked the signature of the employee. (*Williams* v. *Marshall*, 42 Barb. 524; *City of New York* v. *Kent*, 25 J. & S. 109; *Dillon* v. *Anderson*, 43 N. Y. 231; *G. V. Co.* v. *Bacon*, 148 Mass. 542; *Robin* v. *Springfield*, 149 N. Y. 484; *Wood* v. *American F. Ins. Co.*, 149 N. Y. 385; *N. A. Co.* v. *G. V. B. Assn.*, 183 U. S. 308; *Anderson* v. *Fitzgerald*, 4 H. L. Cas. 484; *American Surety Co.* v. *Pauly*, 170 U. S. 133; *Reynolds* v. *C. F. I. Co.*, 47 N. Y. 597.)

GRAY, J.   This action was brought upon a bond issued by the defendant to the plaintiff, by which the former agreed to indemnify the latter against any pecuniary loss occurring through the larceny, or embezzlement, of one of its clerks.   Among other defenses, the defendant alleged the invalidity of the bond for not having been signed by the clerk.   The plaintiff had judgment in its favor at the Trial Term and the affirmance of the judgment, at the Appellate Division, was by a divided court; the dissent being based, among other things, upon the ground of the invalidity of the bond, referred to as a defense, and that presents the only serious question for our consideration.

The plaintiff was engaged in the business of manufacturing and installing railway signaling apparatus; having its principal office at Rochester, in this state, and a branch office at Chicago, in the state of Illinois.   The manager of the Chicago office had the custody and expenditure of moneys, from time to time, remitted to it by the plaintiff and employed as cashier, one Ellis; to whom was intrusted, necessarily, the handling of some of the moneys.   It was to secure itself against any dishonesty on Ellis' part that the plaintiff applied to the local agents of the defendant, a

foreign corporation, for the bond in question. They consented to the issuance of such a bond and, thereupon, sent a formal application to be filled out and executed for the plaintiff by its manager in Chicago; who duly complied and returned the paper to them in Rochester. At the same time, they, also, forwarded an application to be filled out and executed by Ellis, himself. This application, after giving certain information, by way of answers to questions, concluded with this agreement on the applicant's part: "I hereby agree for myself, my heirs and administrators in consideration of THE TITLE GUARANTY & SURETY COMPANY becoming surety for me and issuing Bond hereby applied for or any renewal thereof or any further or other bond hereby issued by the said company on my behalf in my present or any other position in this service to protect and indemnify the said Company against any loss damage or expense that it may sustain or become liable for in consequence of such guaranty on my behalf by said Company and forthwith after the said Company shall have paid the party or parties entitled to the same any money under or by reason of such guaranty to repay the said Company the amount so paid and all other losses, costs, damages and expenses if any that it shall have incurred or become liable for in consequence of such guaranty." Ellis signed and returned this instrument to the defendant's agents, as they had requested. After both these instruments had been received back by the agents, this bond was prepared and executed by the defendant and, subsequently, was mailed by its agents to the plaintiff, at its principal office, without having Ellis' signature. With it went, also, a letter stating: "enclosed herewith please find bond duly executed on behalf of Ralph J. Ellis, which we trust will be satisfactory." A bill for the premium was, thereafter, rendered to, and paid by, the plaintiff. Within three months Ellis took moneys belonging to the plaintiff, under circumstances amounting to larceny and embezzlement,

and absconded.  Upon a claim being made against the defendant, the fact appeared, upon which the refusal to pay is based, that the bond lacked the signature of Ellis. Although it made reference to the plaintiff's application, as Ellis' employer, it did not refer to any application by Ellis; but it contained a provision that it should be " of no effect unless signed by the employé " and an agreement by the said employé indemnifying the defendant against all loss and damage, which it might sustain by reason of its having entered into the bond.  The complaint set forth the provision, that the bond should be invalid unless signed by the employé, and averred that the defendant had waived that part of it.  The trial court found, among other findings of facts, that the bond had not been signed by the empleyé; that his signature had been waived by the defendant and that the defendant, by its acts and conduct, was estopped from asserting any invalidity on that account.

This is the case, therefore, that the agents of the defendant, to whom the application for the bond was made and who, subsequently, caused the bond to be executed and to be delivered to the plaintiff, knew at the time of its delivery that it had not been signed by Ellis. They had sent to Chicago applications to be signed by the manager and by Ellis before making out the bond and, of course, they knew that the bond itself should be sent there, also, if Ellis' signature was deemed essential to the obligation.  But they did not do so and they chose to deliver the bond without obtaining his signature to it, with a letter, stating that it was " duly executed on behalf of Ralph J. Ellis."  Either they were dealing honestly with the plaintiff, intending to waive the condition of Ellis' signature, under the circumstances; or they were scheming to deceive and to defraud.  The law will presume the former intention.

While it might be argued that the authority of these agents of the defendant was sufficient to waive the con-

dition of the bond, in question, in delivering it as it was and by receiving the premium, upon the same principle that insurers have been held bound by the acts of their agents in waiving conditions of a policy, (*McNally* v. *Phoenix Ins. Co.*, 137 N. Y. 389, 396), we have a broader basis of facts and circumstances in this case, upon which a waiver may securely rest. It might be said that the objection to the enforcement of this bond went a little further, in principle; in that it went to its completion as an instrument and waiver, therefore, needed fuller proof in the facts. However it may be, it is not necessary to decide the point; for a waiver by the defendant need not rest upon the fact alone of the delivery of the bond. The legal presumption of a waiver may rest upon the further fact that the defendant had in its possession, at the time of delivery, the agreement signed by Ellis, which was to the same effect as in the bond and quite as comprehensive, as an indemnification of the defendant against any loss by reason of going upon the bond. The application on behalf of the plaintiff was made a part of the bond; but that of Ellis was not. He was brought into it by supplementing the usual provisions of the bond by an agreement on his part. Acting for their principal, we must assume that the defendant's agents had its interests in view and that they considered them as well protected by the separate covenant of Ellis, as if he had subscribed to it upon the bond. To have insisted upon such subscription by him had become unnecessary; for the covenant in the bond had ceased to be of importance. All of the facts and circumstances, therefore, conclusively, support the finding of a waiver.

It might be observed that no written agreement was, in fact, essential to the defendant for the future enforcement of any claim it might have against the defaulting employé. Upon making good to the plaintiff the amount of any defalcation, the defendant would be subrogated to all of the former's rights of action against the defaulter

and any action by it would be quite as well founded as though it was brought upon the express agreement of the employé to repay. While the defendant required the employé's signature to the bond as a condition of its validity as an obligation, as it had the right to do, in holding it estopped from now insisting upon the condition, it loses nothing but a technical defense; which, if suffered to prevail in the face of the facts and circumstances of the case, would mean the lending of the aid of the court to the perpetration of a fraud. Jealous as the law is of the rights of a surety, the limit of its protection is reached when the surety invokes its aid to defraud.

Other objections are raised by the appellant; but, as they are not tenable and relate to the sufficiency of the evidence, it is unnecessary to discuss them. For the reasons assigned, I think that the judgment appealed from should be affirmed.

CULLEN, Ch. J., HAIGHT, VANN, CHASE and COLLIN, JJ., concur; WERNER, J., not sitting.

Judgment affirmed, with costs.