EDWIN WILCOCK vs. MASSACHUSETTS BONDING AND INSURANCE
COMPANY.

Suffolk.    March 8, 1916. — April 6, 1916.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & PIERCE, JJ.

*Insurance*, Fidelity.    *Bond.    Contract*, What constitutes.    *Agency*, Scope of authority.    *Waiver*.

Where a bond of a surety company, insuring the fidelity of an employee of the insured, contains a provision that it shall "be invalid and of no effect unless signed by the Employee," and a provision that no one of its provisions shall "be deemed to have been waived by or on behalf of" the insuring company "unless the waiver be clearly expressed in writing," over the signature of its President or Vice-President and Secretary or Assistant Secretary and its seal thereto affixed," and following such provisions are agreements purporting to be made by the employee and an *in testimonium* clause in which his name is mentioned and a blank place is marked for his signature, the requirement of the signature of the employee is not waived by the insurer by a letter to the insured, not signed by any of the officers authorized to make such a waiver for the corporation and not shown to have come to their knowledge, in which the bond, unsigned by the employee, is enclosed and which states, "Enclosed please find duly executed bond . . . which we trust will be found in proper form.    Enclosed also find bill for premium on this bond, on which we trust you will favor us with an early remittance," although the insured relies on the letter and makes no attempt to obtain the signature of the employee.

CONTRACT upon a bond insuring the fidelity of an employee of the plaintiff.    Writ dated November 13, 1909.

In the Superior Court *Quinn*, J., upon an opening statement and offer of proof by the plaintiff, the material portions of which are described in the opinion, ordered a verdict for the defendant and reported the case for determination by this court.

*J. A. Daly*, (*C. T. Cottrell* with him,) for the plaintiff.

*F. W. Bacon*, for the defendant.

PIERCE, J.    This action was brought on a bond, insuring the fidelity of one James Y. Thompson as custodian of a quantity of goods at Millbury, Massachusetts, for the plaintiff.

The answer of the defendant alleges, "that the bond described in the plaintiff's declaration was never signed by the principal, James Y. Thompson, and therefore the bond is now void."

The plaintiff, in anticipation of such a defence, set up in his declaration "that he has kept and performed all the conditions by him to be performed except and in so far as the same have been waived by said defendant expressly or by implication."

As shown by the report, the facts are these: In May, 1908, the plaintiff owned a quantity of crash which he stored in a mill building in Millbury, Massachusetts. Thompson was in the employ of the plaintiff, and as such had sole charge and custody of the storehouse and its contents. The plaintiff, desiring to go to Europe and feeling the need of protecting himself during his absence, applied to the defendant for a bond insuring the honesty of Thompson. Before issuance of the bond, Thompson was required to make an application or statement on a blank furnished by and delivered to the defendant company.

It is agreed, that the statement in the report that "This application refers to the bond above mentioned, and the bond in turn refers to the application or statement of said Thompson and recites that the same is made a part of the bond" is an inadvertent and erroneous statement of fact.

Upon receipt of the application blank, duly filled in, signed and sealed, the defendant executed the guaranty bond on which this action is based and sent it to the plaintiff with the following letter: "Enclosed please find duly executed bond 1456, James Y. Thompson, agent in your employ, which we trust will be found in proper form. Enclosed also find bill for premium on this bond, on which we trust you will favor us with an early remittance." The letter was signed in the name of the defendant by one George W. Berry, who, it was agreed, was one of the office force with duties in part to write letters of this kind, to see that bonds were delivered, and to do other clerical work.

The bond contained the following provision: "This bond is issued on the express understanding that the Employee has not within the knowledge of the Employer at any former period been a defaulter, and will be invalid and of no effect unless signed by the Employee," which was immediately followed by a provision which read "No one of the above conditions, or the provisions contained in this Bond, shall be deemed to have been waived by or on behalf of said Company unless the waiver be clearly expressed in writing over the signature of its President or Vice-Presi-

dent and Secretary or Assistant Secretary and its seal thereto affixed." *

The plaintiff received the bond and letter, "relied on the same and made no attempt to obtain the signature of Thompson to the bond itself, and never has obtained the signature of Thompson to this bond."

It is to be observed that there is no evidence that the plaintiff was ignorant of the above condition or did not read the bond and perceive the absence of Thompson's signature. And the statement that he relied upon the same (letter) is not a finding that he was thereby induced to close his eyes and understanding to the situation that confronted him. "The plaintiff admits that he has never received from defendant a waiver 'clearly expressed in writing over the signature of its President or Vice-President and Secretary or Assistant Secretary and its seal thereto affixed'; unless the delivery of the bond itself constituted such waiver."

Upon these facts, which the plaintiff offered to prove, the presiding judge ordered a verdict for the defendant, under a stipulation of the parties that judgment should be entered for the defendant if the order was right, otherwise, that the case should stand for trial.

Two possible issues are presented: 1. Was the delivery of the unsigned bond a waiver of the condition that it should not become operative as a bond until signed by the employee? 2. Was the defendant estopped by the terms of the letter and by the receipt of the premium to deny its obligation and from insisting upon the condition?

There is a total lack of evidence that the defendant or any one of its officers authorized to waive the conditions upon which the bond would become operative had knowledge that the employee had failed to sign the bond. The clerk, who delivered the bond to

---

* Following the above described paragraphs was a paragraph containing agreements made by the "Employee" and an *in testimonium* clause and blank places for signatures. The *in testimonium* clause began, "In witness whereof, the said James Young Thompson (the said Employee) hath hereunto set his hand and seal." At the left of the blank line upon which the employee was to sign, which had the word "Employee" printed under it, was another blank space, above which were the words "Signed, sealed and delivered by the said Employee in the presence of."

the plaintiff in the performance of his clerical duties, was not one of the officers who was in terms authorized to bind the defendant by his official act. Waiver presupposes knowledge of the rights claimed to be waived and an intent to relinquish them. *Smith v. Dennie,* 6 Pick. 262. *Fox v. Harding,* 7 Cush. 516. *Metropolitan Coal Co. v. Boutell Transportation & Towing Co.* 185 Mass. 391.

While it is admitted that the plaintiff relied upon the letter, there is nothing in its statement that the bond was duly executed to estop the defendant from claiming that the plaintiff knew of the condition precedent and of its non-performance. Indeed the statement, "which we trust will be found in proper form" was by way of caution, a direction or suggestion to the plaintiff to look out for himself. The letter contains no statement that the bond was duly executed on behalf of the employee as was the case in *General Railway Signal Co. v. Title Guaranty & Surety Co.* 203 N. Y. 407.

The order of the presiding judge was right. And in accordance with the terms of the report, judgment is to be entered for the defendant, and it is

*So ordered.*