BANK OF WATERPROOF v. FIDELITY & DEPOSIT CO. OF MARYLAND.*

(Circuit Court of Appeals, Fifth Circuit. February 20, 1924.)

No. 4134.

Principal and surety ⬳112—Bank's acceptance of embezzling cashier's property held not settlement, releasing surety; "settlement."

A bank's acceptance of its embezzling cashier's property without notice to surety company, which had bound itself to indemnify the bank, under an agreement to sell, apply on indebtedness, and pay the balance, if any, to cashier, *held* not a "settlement," within a provision of the bond releasing surety in case of settlement by the bank, since the bank did not re-

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Rehearing denied 299 Fed. ——.

lease debtor or condone his offense, and surety was not deprived of any right which it would have against the cashier on paying the bond.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Settle—Settlement.]

In Error to the District Court of the United States for the Western District of Louisiana; George W. Jack, Judge.

Action by the Bank of Waterproof against the Fidelity & Deposit Company of Maryland. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

Fred G. Hudson and Allan Sholars, both of Monroe, La. (B. F. Young, of St. Joseph, La., F. G. Hudson, Jr., of Monroe, La., Dale, Young & Dale, of St. Joseph, La., and Hudson, Potts, Bernstein & Sholars, of Monroe, La., on the brief), for plaintiff in error.

P. M. Milner, of New Orleans, La., for defendant in error.

Before WALKER and BRYAN, Circuit Judges, and GRUBB, District Judge.

WALKER, Circuit Judge. This was an action by the plaintiff in error (herein called the bank) on a bond made to it by the defendant in error (herein called the bonding company), whereby the latter bound itself to reimburse the bank to the extent of the sum of $5,000 for such pecuniary loss of moneys, securities, or other personal property sustained by the bank by any dishonest act or acts committed by its cashier, C. D. Brigham, in the performance of the duties of said position. It was alleged and proved that during the time covered by the bond Brigham embezzled a large amount of the moneys of the bank. By written stipulation a jury was waived. On learning of Brigham's defalcation, the bank promptly gave notice to the bonding company, and a few days later brought suit against Brigham for $45,000, attaching all of his property. Thereafter, without notice to the bonding company, the bank accepted a transfer from Brigham of all the attached property under an agreement that the same should be sold, the proceeds applied to Brigham's indebtedness to the bank, and, if there was any balance left after paying the debt to the bank, the same was to be paid to Brigham.

The bonding company claimed that by so doing the bank made a settlement with Brigham within the meaning of a provision of the bond that there shall be no liability on the part of the bonding company "if, without previous notice to and consent of the company thereto in writing, the employer shall  *  *  *  make any settlement with the employee for any loss thereunder." The action of the court in sustaining that claim was duly excepted to. The transferred property brought, on the sale of it by the bank, greatly less than enough to pay Brigham's indebtedness to the bank.

That property was not accepted as a payment or satisfaction of Brigham's liability to the bank. The bank did not agree to release the debtor or condone his offense. There was no accord or satisfaction. What was done did not have the effect of depriving the bonding company of any right it would have against Brigham upon paying the amount of

the bond. We think that the quoted provision had the effect of forbidding the bank, the creditor, without previous notice to and consent in writing of the bonding company, the surety or guarantor, to enter into a transaction with the debtor having the effect of an accord and satisfaction, involving a release or discharge of the debtor, with the result of impairing the right of the bonding company to proceed against the debtor and enforce the liability which he had incurred.

We are not of opinion that the provision had the effect of forbidding the bank, without notice to the bonding company, to accept a payment by the debtor on his debt; the transaction not having the effect of releasing or discharging the debtor, except to the extent that the proceeds of the sale of the transferred property might pay such debt. We think that the result of what was done was a mere payment on the debt, and that it was not a settlement within the meaning of the quoted provision, as it involved no release or discharge of the debtor's civil or criminal liability, and did not impair the right of the bonding company to enforce the debt so far as it remained unpaid. Remington v. Fidelity & Deposit Co., 27 Wash. 429, 67 Pac. 989; Perpetual Building & L. Ass'n v. United States, F. & G. Co., 118 Iowa, 729, 92 N. W. 686; Prosser Power Co. v. United States F. & G. Co., 73 Wash. 304, 132 Pac. 48; Stearns on Suretyship (3d Ed.) 168; 21 R. C. L. 1000.

Because of the error in the above-mentioned ruling, the judgment is reversed, and the cause is remanded for another trial.

Reversed.