SOLON M. BARTLETT & another *vs.* MASSACHUSETTS BONDING AND INSURANCE COMPANY.

Suffolk. November 18, 1925. — January 6, 1926.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Contract,* What constitutes. *Bond. Waiver. Estoppel.*

A bond by an insurer, undertaking to indemnify an employer against loss through fraud or dishonesty of an employee, in the form of its *in testimonium* clause provided for signature and seal of the employee, in its provisions contained an agreement by the employee in substance to save the insurer harmless from loss or damage which it might sustain under the bond, and also contained a provision, "This Bond . . . will be invalid and of no effect unless signed by the Employee." The bond was delivered to the employer unsigned by the employee, and, with-

out knowledge of that fact, the insurer received the first premium and renewal premium. While the bond still was unsigned by the employee, the employer discovered dishonesty of the employee. At the employer's request, the employee then signed the bond. In an action against the insurer upon the bond, it was *held*, that

(1) The insurer had not waived its right to require that the employee sign the bond, nor was it estopped to deny that he had done so;

(2) The procurement of the signature of the employee after the employer had discovered his dishonesty was not a compliance with the precedent condition, nor the creation of a new contract making the defendant responsible for prior delinquencies;

(3) The bond was unenforceable.

CONTRACT on a bond insuring the plaintiffs against loss through fraud or dishonesty of Louis F. Underwood, employed as bookkeeper and cashier by the plaintiffs. Writ dated October 24, 1918.

In the Superior Court, the action was referred to an auditor. Material facts found by the auditor are described in the opinion. The action then was tried before *O'Connell*, J., the auditor's report being the only evidence. The trial judge denied a motion by the defendant for a verdict in its favor. The jury found for the plaintiff in the sum of $4,299.45. The defendant alleged exceptions.

*R. H. Holt*, for the defendant.

*W. M. Noble*, (*I. F. Spencer* with him,) for the plaintiff.

BRALEY, J. This is an action of contract on a bond of the defendant to indemnify the plaintiffs for any pecuniary loss sustained of moneys, securities or other personal property through the fraud or dishonesty of Louis F. Underwood "general bookkeeper" while in their employment. The bond was dated August 10, 1909, and the jury could find on the auditor's report, the only evidence introduced at the trial, that the plaintiffs paid the initial premium, and succeeding premiums for renewal to July, 1918, and that during the period from November 10, 1914, to September, 1917, Underwood, in one form or another, defrauded the plaintiffs of $4,569.01, due notice of which defalcation was given in accordance with the terms of the bond. It provided, however, among other conditions, that "This Bond is issued on the express understanding that the Employee has not within the knowledge of the Employer at any former period

been a defaulter, and will be invalid and of no effect unless signed by the Employee." The reason for this condition is found in a subsequent clause, that the employee "for himself, his heirs, executors and administrators, covenants and agree to and with the said Company, that he will save, defend and keep harmless the said Company from and against all loss and damage of whatever nature or kind, and from all legal and other costs and expenses, direct or incidental which the said Company shall, or may at any time, sustain, or be put to (whether before or after any legal proceedings by, or against it to recover under this Bond, and without notice to him thereof), or for, or by reason, or in consequence of the said Company having entered into the present Bond." And the *in testimonium* clause, in so far as material, reads, "In Witness Whereof, the said Louis F. Underwood . . . hath hereunto set his hand and seal."

The delivery of the bond, which was then unsigned by Underwood, was not a waiver of the condition, and the receipt of the first premium, and the renewal premiums, without knowledge that at the date of payment, the bond, as the auditor found, and the jury could say, had not been executed by him, does not estop the defendant. *Wilcox* v. *Massachusetts Bonding & Ins. Co.* 223 Mass. 482. *Larner* v. *Massachusetts Bonding & Ins. Co.* 238 Mass. 80.

The plaintiffs' cause of action accrued when they discovered early in January, 1918, the wrongdoing of Underwood. But at that time the bond had not been executed by him. It therefore was unenforceable, and the procurement by the plaintiff of his signature after the event was neither a compliance with the precedent condition, nor the creation of a new contract making the defendant responsible for prior delinquencies.

The exceptions to the refusal of the motion for a directed verdict accordingly must be sustained, and judgment is to be entered for the defendant.

*So ordered.*