TOWN OF TONAWANDA, Appellant, *v.* STAPELL, MUMM & BEALS CORPORATION and Another, Respondents, Appellants, Impleaded with ANGELO CASTRICONE, Respondent, and FRANK PANDOLFI, Appellant.*

Fourth Department, March 21, 1934.

* Revg. 147 Misc. 768.

*O. Clyde Joslin*, for the plaintiff.

*Falk, Phillips, Twelvetrees & Falk* [*Stanley G. Falk* of counsel; *Frederick R. Twelvetrees* and *Rhoda V. Lewis* with him on the brief], for the defendants Stapell, Mumm & Beals Corporation and Fidelity and Deposit Company of Maryland.

*Kimball & Smith* [*Wallace H. Miller* of counsel], for the defendant Frank Pandolfi.

*Elmer C. Miller*, for the defendant Angelo Castricone.

THOMPSON, J. Plaintiff town sued defendants Stapell, Mumm & Beals Corporation, contractor, and Fidelity and Deposit Company of Maryland, bondsman, for damages for breach of contract in the construction of curbing upon a street pavement job. Defendant contractor sublet the contract in suit to defendant Pandolfi, who in turn sublet it to defendant Castricone, who actually did the work. Defendant Pandolfi was brought in on the application of the defendants Stapell, Mumm & Beals Corporation and Fidelity and Deposit Company of Maryland, and defendant Castricone at the instance of defendant Pandolfi. The action is based upon the failure of the contractor to erect the paving in accordance with the specifications of the contract. Upon sufficient evidence the learned referee has found that the work performed was defective, and that the contractor breached the contract in the respects in which the plaintiff claims, but held that in recovering damages for such breach plaintiff was limited to its remedy under the contract, which reads as follows: " The contractor further agrees to keep and maintain the pavement * * * together with its appurtenances in good condition and repair for one year from the date of the completion and acceptance of the same, in accordance with the conditions of the specifications and contract, without expense to the town."

The contract does not provide that in actions for its breach the town shall be limited to this provision, or in any other respect. In an action for damages for breach of a contract the damages are such as ordinarily and naturally flow from the breach. " The foundation upon which rules in relation to the measure of damages in actions for a breach of contract are based is that of indemnity to the injured party." (*Delafield* v. *Armsby Co.*, 131 App. Div. 572, 581; affd., 199 N. Y. 518.) It is presumed that the parties contemplate the usual and natural consequences of a breach of it when it is made. (*Booth* v. *Spuyten Duyvil Rolling Mill Co.*, 60 N. Y. 487.)

To modify and to effect the rule of damage in any respect, there should be a clear and unequivocal provision of the contract. There

is an absence of any such here. Construing the contract as a whole, we hold that plaintiff is entitled to recover the amount of damages it suffered by reason of the failure of defendant to fulfill its contract, without limitation in time or amount. (*Newman* v. *Pierson*, 195 App. Div. 407.)

Defendant contractor's breach of the contract in constructing the curbing was clearly proven. The curbing was over-sanded and over-gravelled. It was not mixed, tamped or spaded as required by the specifications, and as a result the curbing disintegrated, became worthless and had to be replaced by the town.

The town had accepted the improvements constructed under the contract and paid for them. By so doing it waived its right to recover damages for all defects which were known to it or which were discoverable by a reasonable inspection. (Williston Cont. § 724; 2 N. Y. Law of Cont. 1382; *Parke* v. *Franco-American Trading Co.*, 120 N. Y. 51.)

Its acceptance and payment, however, " does not preclude a recovery * * * on account of latent defects not discoverable by a reasonable inspection." (2 N. Y. Law of Cont. 1385.)

" Acceptance, moreover, is not a waiver of latent defects, of which the municipality was ignorant at the time or which may thereafter appear. To constitute a waiver the acceptance must be under such circumstances as to show that the party accepting knew, or ought to have known, that the contract was not fully performed." (McQuillin Mun. Corp. [2d ed.] § 2076; *Cahill* v. *Heuser*, 2 App. Div. 292; *Steltz* v. *Armory Co.*, 15 Ida. 551; 20 L. R. A. [N. S.] 872, 874; 9 C. J. 798; *City of Seaside* v. *Randles*, 92 Ore. 650.)

The contract contained a provision that " the fact that there is an inspector will not relieve the contractor from responsibility for any deviation or violation of the specifications." It is clear from the record that the defects in question were latent defects and were not discoverable upon reasonable inspection. The conduct of plaintiff in accepting the work and paying the amounts directed to be paid by the contract did not preclude it from pursuing its remedy in damages for the failure of the contractor to observe the specifications contained in the contract, nor was there undue or unreasonable delay on the part of the municipality in proceeding to assert its rights in this respect.

Plaintiff has been compelled to replace the curbing to its damage, which upon sufficient evidence the learned referee has found to be the sum of $12,505.65, for which amount plaintiff should have judgment against defendant Stapell, Mumm & Beals Corporation and Fidelity and Deposit Company of Maryland. These defendants ask in their answers that in case judgment be awarded plaintiff

against them, they may have judgment over against subcontractor, defendant, Pandolfi; and defendant Pandolfi in his answer has asked the same relief as against defendant Castricone, who, as above stated, actually performed the work. If plaintiff is to be awarded judgment against defendants Stapell, Mumm & Beals Corporation and Fidelity and Deposit Company of Maryland, and defendant Stapell, Mumm & Beals Corporation had no part in the actual performance of the defective construction and no knowledge that Castricone's work was not in accordance with the specifications, defendants Stapell, Mumm & Beals Corporation and Fidelity and Deposit Company of Maryland are entitled to a judgment against defendant Pandolfi, and, by the same token, if defendant Pandolfi had no part in the actual performance of the defective construction and no knowledge that Castricone's work was not in accordance with the specifications, defendant Pandolfi is entitled to judgment against defendant Castricone. It was not contended by any party to the suit that either defendant Stapell, Mumm & Beals Corporation or defendant Pandolfi had knowledge of or part in the actual work which constituted the breach of the contract by the defendant Castricone, nor do we find proof from which such a fact could be inferred. On the contrary, the record discloses that they took no part in the defective work and were informed that it was being properly performed under the terms of the contract by Castricone throughout the time that he was engaged upon it.

The judgment should be reversed, with costs, and an additional finding of fact made; judgment should be granted to plaintiff against defendants Stapell, Mumm & Beals Corporation and Fidelity and Deposit Company of Maryland for the sum of $12,505.65 and costs; judgment should be granted in favor of defendants Stapell, Mumm & Beals Corporation and Fidelity and Deposit Company of Maryland against defendant Frank Pandolfi for the sum of $12,505.65, with costs, and judgment should be granted in favor of defendant Frank Pandolfi against defendant Angelo Castricone for the sum of $12,505.65 and costs.

All concur, except EDGCOMB, J., not voting.

Judgment reversed on the law, with costs, and judgment granted in favor of the plaintiff and against defendants Stapell, Mumm & Beals Corporation and Fidelity and Deposit Company of Maryland for $12,505.65, with interest and costs, and judgment over in favor of said defendants against defendant Pandolfi, with costs, and in favor of defendant Pandolfi against defendant Castricone, with costs. Additional finding of fact made.