■ CARROLS EQUITIES CORP., Amended to CARROLS DEVELOPMENT CORPORATION, Respondent, v DONALD VILLNAVE, Doing Business as VILLNAVE CONSTRUCTION et al., Appellants.—Judgment unanimously modified in accordance with memorandum, and as modified, affirmed, with costs to respondent. Memorandum: Plaintiff commenced this breach of contract action against defendants Donald Villnave, a building contractor, and the Insurance Company of North America (INA), as surety on a performance bond, seeking damages for the "differential settlement" of its recently constructed restaurant in Fulton, New York. INA, in turn, cross-claimed against Villnave seeking indemnity under the bond and undertaking for any money which it might be required to pay plaintiff on Villnave's behalf. Following a nonjury trial of these actions, the court granted judgment in plaintiff's favor in the amount of $97,228.21 on its causes of action against both defendants and further granted INA judgment over against Villnave in the same amount on its cross claim for indemnity. We find no error in the court's evidentiary rulings at trial. Although the contract admitted as Exhibit No. 3 varied from that included with plaintiff's bill of particulars in that the former made specific reference to certain plans and specifications, the critical portions of such plans and specifications were quoted in the bill of particulars and there is no indication either of bad faith or prejudice (see *Flatow v International Term. Operating Co.,* 29 AD2d 952; 3 Weinstein-Korn-Miller, NY Civ Prac, par 3041.22; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, C3041:2, p 623). With respect to the pages from the plans and specifications, while the exhibits were not the actual plans used in construction of the building, they were admissible to reconstruct the original plans which neither party was able to produce (Richardson, Evidence [10th ed], §§ 582, 583) and there was a sufficient evidentiary showing to permit a finding that the exhibits were drawings from which defendants' copy of the plans was made. Insofar as the court's ruling on the site inspection testimony is concerned, the contract specifically provided that no claim for damages arising out of a breach of the duty to inspect would be allowed and thus the error, if any, in admitting this evidence was not prejudicial and did not give rise to defendants' liability. Nor was there error in holding Villnave liable for breach of the contract for not placing the foundation footings in at least one foot of virgin soil. The evidence adduced at trial fully supported this finding as well as the finding that this deviation directly caused the resulting settlement of the foundation. With respect to any conflict in such testimony, the issue was one of credibility and there is no basis for disturbing the court's decision on a question of fact. Furthermore, plaintiff's action was not barred by the one-year guarantee provision of the contract. That provision applied solely to Villnave's duty to correct defects through supplemental performance and, absent specific indication in the contract, it cannot be construed as an exclusive remedy *(Town*

of *Tonawanda v Stapell, Mumm & Beals Corp.,* 240 App Div 472, affd 265 NY 630). Thus plaintiff was entitled to recover its damages without limitation in time or amount. With respect to the issue of damages the court properly based its award upon the testimony of plaintiff's expert. Although generally an injured party is under a duty to mitigate *(Wilmot v State of New York,* 32 NY2d 164, rearg den 33 NY2d 657), such duty does not include an obligation to undertake extraordinary and costly measures as would have been warranted here *(People's Gas & Elec. Co. of Oswego v State of New York,* 189 App Div 421, affd 231 NY 520). Insofar as the expert's qualifications were concerned, such an issue is one of discretion for the court to determine and we find no basis for reversing its decision *(Meiselman v Crown Hgts. Hosp.,* 285 NY 389). Nor was there any error in the court holding INA liable under the performance bond. It is well settled that a surety bond attaches to the principal contract and must be construed in conjunction with it *(Madawich Contr. Co. v Travelers Ins. Co.,* 307 NY 111; *Hall & Co. v Continental Cas. Co.,* 34 AD2d 1028, affd 30 NY2d 517). Where, as here, the principal contract contains an express provision permitting the owner to order changes and alterations without invalidating that agreement, the surety is deemed to have assented to that provision and any subsequent modifications in the original plans made in conformity with the provisions of the contract will not invalidate the performance bond *(Smith v Molleson,* 148 NY 241). Since the modifications here were inconsequential in nature and had no bearing on the foundation defects which are the subject of this suit, the judgment against INA was proper. The amount of that judgment was also proper even though it exceeded the $89,000 limitation expressed in the bond. Although normally the amount specified in the bond constitutes the maximum liability of a surety, section 7-301 of the General Obligations Law provides that such sum may be exceeded by the addition of interest from the date of the surety's default. Here, although INA received notice of its liability as early as January 5, 1972, prejudgment interest did not begin to accrue until January 1, 1973. With respect to INA's contention that according to the surety agreement it is entitled to attorney's fees from Villnave, we note that the parties failed to make that agreement part of the record on appeal. Furthermore, there is no indication that Villnave ever signed that agreement and, accordingly, he should not be bound by its provisions, if any, relating to attorney's fees. Finally we find no error in the court's grant of judgment over in favor of INA on its cross claim against Villnave. Such judgment, however, cannot be based upon principles of indemnity, since Villnave's signature does not appear on the bond and the record does not provide sufficient basis for a finding of implied consent. Nevertheless, where a surety becomes such not with the consent of the principal but at the behest of the obligee, it is entitled by operation of law to be subrogated to the rights of the obligee against the principal *(General Ry. Signal Co. v Title Guar. & Sur. Co.,* 203 NY 407; 57 NY Jur, Suretyship and Guarantee, § 305). Since INA, however, can only be subrogated to the rights of Carrols after it has satisfied the judgment in Carrols' favor, the judgment should be modified to provide that payment of the judgment on INA's cross claim is conditioned upon INA satisfying the judgment against it and Villnave. (Appeal from judgment of Onondaga Supreme Court—breach of contract.) Present—Marsh, P. J., Moule, Cardamone, Simons and Goldman, JJ.