■ John W. Cowper Company, Incorporated, Respondent, v Buffalo Hotel Development Venture et al., Appellants, and Spancrete Northeast, Inc., et al., Respondents. Spancrete Northeast, Inc., Respondent, v John W. Cowper Company, Inc., et al., Respondents-Appellants, and Buffalo Hotel Development Venture, Appellant. (Appeal No. 1.)— Judgment unanimously modified, on the law, by granting a new trial solely on the issue of defects claimed as offsets by defendants, and, as modified, affirmed, without costs. Memorandum: In this action which arises out of the construction of a 500-room Buffalo Hilton Hotel and parking garage in Buffalo, New York, defendants appeal from a jury verdict awarding damages to plaintiff. On August 7, 1978 plaintiff as general contractor entered into a standard American Institute of Architects contract for the erection of the structure with defendant Buffalo Hotel Development Venture as owner. The hotel first opened its restaurant and some rooms on or about June 15, 1980. On May 28, 1981, after this action was instituted, defendants submitted to plaintiff a punch list containing various construction defects which required repair and incorporated these items in a July 9, 1981 bill of particulars. On July 1, 1983 defendants served a further bill of particulars, in response to plaintiff's demand. This bill described 154 construction defects including those described in the punch list and the earlier bill of particulars. The trial court sustained plaintiff's objection to proof of construction defects, except those which were contained in the punch list and latent or nondiscoverable defects, on the ground that the general conditions of the contract (§ 13.2.2) required notice of defects within one year after the date of substantial completion of the work or designated portion thereof and that defendants were "estopped and prohibited from proving any and all items of damages that were discovered or reasonably discoverable with due diligence up to the point of the punch list." We disagree.

The one-year provision in the general conditions of the contract relates solely to the contractor's duty to correct defects through supplemental performance and cannot be construed as an exclusive remedy without specific provision

therefor in the contract *(Carrols Equities Corp. v Villnave,* 57 AD2d 1044, *lv denied* 42 NY2d 810; *see also, Town of Tonawanda v Stapell, Mumm & Beals Corp.,* 240 App Div 472, *affd* 265 NY 630). In our view, defendants' claims are controlled by a six-year Statute of Limitations (CPLR 213 [2]).

Furthermore, defendants are not prohibited from proving additional defects in the work, since the record does not establish a waiver through acceptance of the work as performed *(see, Town of Tonawanda v Stapell, Mumm & Beals Corp., supra,* p 474) or the necessary elements for equitable estoppel *(see, Nassau Trust Co. v Montrose Concrete Prods. Corp.,* 56 NY2d 175, 184; *Airco Alloys Div. v Niagara Mohawk Power Corp.,* 76 AD2d 68, 81-82; 21 NY Jur, Estoppel, Ratification and Waiver, §§ 93, 100; *see also, Parsons v Lipe,* 158 Misc 32, 78-80, *affd sub nom. Parsons v First Trust & Deposit Co.,* 243 App Div 681, *affd* 269 NY 630).

We have examined defendants' remaining arguments for reversal and find them to be without merit. (Appeals from judgment of Supreme Court, Erie County, Mintz, J.—breach of contract, enforce mechanic's lien.) Present—Doerr, J. P., Boomer, O'Donnell, Pine and Schnepp, JJ. [120 Misc 2d 350.]