(August 24, 1989)

■ NATIONAL WESTMINSTER BANK, Respondent, v GEORGE A. FULLER COMPANY, Appellant, et al., Defendants. NATIONAL WESTMINSTER BANK USA, Appellant, v GEORGE A. FULLER COMPANY, Defendant, and SAL-VIO CONSTRUCTION CORP. et al., Respondents.—Order and judgment of the Supreme Court, New York County (Myriam Altman, J.), entered on April 1, 1988 and May 3, 1988, respectively, which denied defendant George A. Fuller Company's motion to dismiss the complaint as against it, and granted the cross motion of Sal-Vio Construction Corp. and Federal Insurance Co. to dismiss the complaint as against them, unanimously modified, on the law, the cross motion denied to the extent of reinstating the first and third causes of action, and otherwise affirmed, without costs.

These related appeals arise in an action by National West-

minster Bank (NWB) with respect to allegedly faulty exterior masonry work performed by defendant Sal-Vio Construction Corp. in the initial construction of its building at 175 Water Street in Manhattan. Mortar was allegedly improperly placed inside expansion joints, causing cracks in the facade and permitting moisture to penetrate. Defendant George A. Fuller Company served in a fiduciary capacity as construction manager for the erection of the building commencing in 1982, pursuant to a "base building construction management agreement" with 175 Water Street Partners, the original owner of the site and building during its construction. 175 Water Street Partners obtained construction financing from NWB and extended the bank an option to purchase the building which was exercised in January of 1985. 175 Water Street Partners is not a party to this action, having assigned all of its rights to NWB. Defendant Federal Insurance Co. issued a performance and payment bond for Sal-Vio.

At issue on this appeal is the scope of a release entered into between Fuller and NWB's predecessor in interest, and the timeliness of this action under the terms of the management agreement and the trade contracts, and under the applicable Statute of Limitations. The motion court denied Fuller's motion to dismiss the complaint as against it pursuant to CPLR 3211 (a) (1), holding that the express exclusion in the release of releasee's "warranty obligations under the Contract" raises a genuine issue whether the release is a complete defense. We agree. The exclusion is sufficiently broad to encompass more than the limited express warranty in the management agreement. Strictly construing the warranty language in the management agreement, it provides neither that it shall constitute the exclusive remedy under the agreement nor that the 18-month term of the agreement shall shorten the time in which suit must otherwise be brought under the Statute of Limitations. *(See, Ting-Wan Liang v Malawista,* 70 AD2d 415; *Carrols Equities Corp. v Villnave,* 57 AD2d 1044, *lv denied* 42 NY2d 810.)

With respect to Sal-Vio and, derivatively, Federal Insurance Co., the motion court granted their motions and dismissed the complaint as to them on the basis of the 12-month guarantee provision in the trade contract and the 18-month warranty in the management agreement. Sal-Vio was not a party to the release between Fuller and the original owner. We disagree with the motion court's reasoning and hold, on the basis of the authority cited above, that the express warranty provisions in the trade and management contracts constitute neither an

exclusive remedy nor a contractual shortening of the Statute of Limitations. Concur—Murphy, P. J., Sullivan, Kassal, Ellerin and Smith, JJ.