MARY E. PARKER *vs.* FARMERS' FIRE INSURANCE COMPANY.

Berkshire.    January 11, 1905. — May 20, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Insurance, Fire,* Sworn statement of loss.  *Waiver.   Agency.   Evidence,* Admissions and confessions.

In an action on a policy of fire insurance in the Massachusetts standard form, where the defence was the failure of the plaintiff to furnish seasonably the sworn statement of loss required by the policy, the plaintiff to show a waiver of this condition put in evidence a letter mailed by her to the defendant containing the following statements: " A man who said he represented your company and the fire marshal from Springfield, Mass., came here three days after the fire and saw my husband and myself, but did not look at the things we saved or go to the farm where the fire occurred.   We have left the few things which we were able to save here at Mr. Smith Jones for your agent to view them, but they have not done so.   I am here on expense and would like to move the goods away.   Can I do so.   Please let me know at once." It appeared that the plaintiff received no answer from the defendant denying the authority of the man referred to in her letter as saying that he represented the defendant.   *Held,* that the letter of the plaintiff contained no statement that the man referred to came as an adjuster of the loss and therefore the silence of the defendant was not an admission that he was such an adjuster.

CONTRACT upon a policy of fire insurance in the Massachusetts standard form dated May 28, 1897, insuring certain buildings and their contents in the town of Sandisfield to the amount of $750.   Writ dated April 8, 1899.

In the Superior Court the case was tried before *De Courcy,* J. together with another action brought by the same plaintiff against another insurance company on a policy covering the same property.   At a previous trial of the two cases the jury

returned a verdict for the plaintiff in each case, and the defendant alleged exceptions which were sustained by this court in a decision reported in 179 Mass. 528, on the ground that there was no evidence that would warrant the jury in finding that the plaintiff had complied with the condition of the policy by using due diligence in sending a sworn statement of her loss to the defendant as soon as she reasonably could. At the new trial *De Courcy*, J. at the close of the plaintiff's evidence ordered the jury to return a verdict for the defendant, and by agreement of parties reported the case against the Farmers' Fire Insurance Company for determination by this court. If upon all the evidence shown or offered to be shown, so far as the same was competent and material, the jury would have been justified in rendering a verdict for the plaintiff, judgment was to be entered for the plaintiff for $750 and interest from the date of the writ; otherwise, judgment was to be entered for the defendant.

The plaintiff, besides contending that there was evidence of due care on the part of the plaintiff in sending the sworn statement of loss to the defendant, also contended that there was evidence that the defendant had waived this requirement, and that one Davis mentioned in the opinion was the representative of the defendant sent to adjust the loss through whom the waiver was made. At the trial the plaintiff made the following offer of proof upon this subject: The plaintiff offered to show by one Spencer, that on October 4, 1898, Spencer, who was fire marshal in the district, having an office in Springfield, was called up by telephone by a person who reported that he was in the office of O. V. Coffin, president of the Middlesex Mutual Assurance Company, the defendant in one of the cases on trial; that Coffin desired him to notify Spencer that a fire had been reported to the company as having been sustained in Sandisfield on property covered by a policy of that company; that a Mr. Davis who would represent that company would go to Hartford the following day and meet Spencer and go to the place where the loss had occurred, to investigate and adjust the loss; that Davis was a representative of that company and that the person who was insured was one Mary E. Parker of Sandisfield; that on the next day the witness Spencer went to Hartford and met Davis as agreed upon by telephone and they proceeded *to New*

Marlborough to the house of Smith Jones where the plaintiff and her husband were stopping ; that Spencer told the plaintiff that he was the fire marshal of this district ; that Davis who was with him was a representative of the company which had sustained this loss, and that he had been sent there to investigate and adjust the loss ; that Davis stated to Mrs. Parker that he was acting not only for the Middlesex company but for the Farmers' company, that the losses would be settled at the same time, and that the companies would settle both losses ; and that this statement of Davis was made after considerable inquiry on the part of Davis as to the cause of the fire and the value of the property.

The plaintiff testified that she mailed to the defendant on October 31, 1898, the letter which is quoted in the opinion. It further appeared that the plaintiff received no letter from the defendant denying the authority of Davis.

*J. F. Noxon & A. C. Collins*, for the plaintiff.

*H. V. Cunningham & F. W. Brown*, for the defendant.

LORING, J.    The exceptions in this case were taken at a second trial of the action against this defendant, which was before this court on exceptions taken when it was tried first together with a similar action against the Middlesex Mutual Assurance Company.   (179 Mass. 528.)   At the second trial the actions against both companies were tried, but exceptions taken in the action against this defendant only are before us.

1. The plaintiff's first claim is that on the evidence at this trial the jury were warranted in finding that the defendant company waived a compliance with the clause requiring that a statement in writing shall be forthwith rendered to the company by the insured.

This case differs from the former in this, that here there was testimony that Davis said that " the losses would be settled at the same time, and that the companies would settle both losses." But there is no evidence that Davis's action is binding on the defendant, and therefore it is not necessary to consider whether this would of itself have been a waiver; in which connection see *Boruszweski* v. *Middlesex Assur. Co.* 186 Mass. 589.

The plaintiff has undertaken to make out Davis's authority to act for the defendant by showing that she got no answer to a

letter written by her, dated October 31, "properly addressed and stamped to the Farmers' Insurance Company," in which she stated that " a man who said he represented your company and the fire marshal from Springfield, Mass., came here three days after the fire and saw my husband and myself, but did not look at the things we saved or go to the farm where the fire occurred. We have left the few things which we were able to save here at Mr. Smith Jones for your agent to view them, but they have not done so. I am here on expense and would like to move the goods away. Can I do so. Please let me know at once."

There is no statement in the letter which fairly can be taken to be a statement that the man came as an adjuster so as to make the defendant's silence an admission of the truth of that fact. We assume that if Davis had authority to adjust the loss any act of his dispensing with a written statement would have bound the defendant, as to which see *Little* v. *Phœnix Ins. Co.* 123 Mass. 380. But as Davis was not shown to have had authority to act for the defendant in adjusting this loss, it is not necessary to consider whether what Davis did, not followed by further participation in adjusting the loss, would have been enough to dispense with or postpone the rendering of the written statement called for by the policy.

2. On the other issue, namely, whether this clause was complied with, there is no material difference between the evidence here and that before the court in 179 Mass. 528.

*Judgment for the defendant on the verdict.*