## THOMAS F. M. LARNER *vs.* MASSACHUSETTS BONDING AND INSURANCE COMPANY.

Suffolk.   January 10, 1921. — March 4, 1921.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & JENNEY, JJ.

*Evidence*, Competency, Telephone message.   *Insurance*, Burglary, Proof of loss.

At the trial of an action of contract upon a policy of insurance, testimony as to a telephone message to the plaintiff's wife, which purported to come from the defendant and to be introductory to a call from one representing himself as coming from the defendant, is inadmissible in the absence of evidence of the identity of the person who spoke the message.

At the trial of an action upon a policy of insurance against loss by burglary, which required, as a condition precedent to recovery under the policy, a formal proof of loss to be filed at the home office of the company within sixty days from the date of the discovery of the loss, and that "no change whatever in this Policy or waiver of any of its provisions shall be valid unless an endorsement is added hereto executed" "by an executive Officer of the Company or the Superintendent of its Burglary Insurance Department," evidence, tending to show the making out at the house of the insured of a proof of claim and the entrusting of it there to one, who had with him a card with the name of the defendant printed on it and who was sent to the insured by the assistant of the manager of the burglary department of the insurance company in charge of its claim department, will not warrant a finding that the requirements of the policy as to the filing of the proof of loss have been fulfilled.

CONTRACT upon a policy of insurance against loss by burglary. Writ dated March 16, 1916.

In the Superior Court, the action was tried before *Sisk*, J. Material evidence is described in the opinion. At the close of the evidence, the judge excluded certain evidence relating to one "A. Blake," which had been admitted *de bene* and which is described in the opinion, ordered a verdict for the defendant and reported the action for determination by this court with the stipulation of the parties that, if the verdict properly was ordered, it should stand, but if the action should have been submitted to the jury, then the verdict was to be set aside and judgment entered for the plaintiff in the sum of $1,185 and interest.

*C. S. Hill*, (*E. Adlow* with him,) for the plaintiff.

*F. W. Bacon*, for the defendant.

DE COURCY, J.   This policy of insurance against loss by bur-

glary was issued by the defendant on August 11, 1915. The plaintiff claimed that on Sunday, October 10, furs were stolen from the premises where he lived and carried on his business. James B. Coffey, who was an assistant of John J. Flynn the manager of the defendant's burglary department, and was in charge of the claim department, called at the plaintiff's house on October 11 and 16, to investigate. Joseph F. Wall, another assistant superintendent of the burglary insurance department, and in charge when Flynn was away, called at the plaintiff's on October 14, and was refused an opportunity to inspect the roof. The plaintiff's wife testified that about November first she received a telephone message, when a voice said: "This is the Massachusetts Bonding and Insurance Company. . . . Tell Mr. Larner Mr. Blake of our company is coming out to fix up the proof of loss." Mr. and Mrs. Larner also testified that a man, representing himself as "A. Blake," and as coming from the defendant, called, looked over the policy and books, asked Larner questions and wrote the replies on a blank proof of loss, had him sign and swear to the paper, and carried it away. The trial judge admitted this testimony *de bene*, subject to showing that Blake was connected with the defendant. Witnesses for the defendant testified that there never had been a man named A. Blake in the employ of the company. At the conclusion of the evidence the trial judge excluded the above testimony as to the telephone message and the visit of A. Blake; ordered a verdict for the defendant; and reported the case to this court.

Although no exception appears to have been taken to the exclusion of the above evidence, since the parties have argued the question we prefer to consider it. The judge rightly excluded the testimony of a telephone message that Blake would call, as no evidence was offered as to the identity of the person who talked over the telephone. *Commonwealth* v. *Harris,* 232 Mass. 588, 591. The testimony concerning the visit of Blake was inadmissible, unless there was other evidence to show that he was connected with the defendant. Apart from said telephone message, the only evidence from which such connection could be inferred was the testimony of the plaintiff, that Coffey on October 16 told him the company would soon send a man to assist him in filling out the blank form of proof of loss. If it be assumed that Coffey,

notwithstanding his denial, did make such a statement, it could not aid the plaintiff even on the issue of waiver, as appears later.

It was provided in the policy: "2. Affirmative proof of loss under oath on forms provided by the Company must be furnished to the Company at its Home Office in Boston, Mass., within sixty days from the date of the discovery of the same." The performance of this provision was a condition precedent to the plaintiff's right of recovery. *Boruszewski* v. *Middlesex Mutual Assurance Co.* 186 Mass. 589. *Parker* v. *Farmers' Fire Ins. Co.* 188 Mass. 257. Proofs of loss were not furnished to the company in compliance with these terms, and when the plaintiff inquired about the settlement of his loss, early in January, 1916, payment was refused for that reason.

In considering the plaintiff's claim that this requirement was waived, it is necessary to have in mind the following provisions embodied in the "General and Special Agreements, Terms and Conditions which are to be construed as co-ordinate conditions and precedent to any recovery under this Policy:" "3. The Company shall not be held to have waived any provision or condition of this Policy or any forfeiture thereof by furnishing the said form, or by any act taken in connection with the investigation of any claim." "14. No agent has authority to change this Policy or to waive any of its provisions, nor shall any notice to the agent or knowledge of his or any other person be held to effect a waiver or change in this Contract or in any part of it. Whenever the written consent of the Company is required by the terms of this Policy an endorsement expressing same must be added hereto signed by an executive Officer of the Company or the Superintendent of its Burglary Insurance Department, and no change whatever in this Policy or waiver of any of its provisions shall be valid unless an endorsement is added hereto executed in the same manner." Assuming without deciding that the testimony concerning "Blake's" visit was admissible, and considering all the evidence in the light most favorable to the plaintiff, a finding of waiver would not be warranted in view of the above provisions of the policy. Even if "A. Blake" should be found to have been sent to the plaintiff by James B. Coffey, above referred to, the failure to furnish the defendant with proofs of loss at its home office could not be waived by Coffey, who was not one of the officers

referred to in paragraph 14. Nothing appears to have been done by the other assistant superintendent, Wall, that could be considered as a waiver of this requirement. And plainly the mere possession by Blake of a card with the name of the defendant printed on it, even if genuine, would not be enough to connect him with the defendant. There was no evidence that any officer authorized to waive the provision requiring the furnishing of proofs of loss at the defendant's home office, ever knew that proofs were made out by the plaintiff. *Porter* v. *United States Life Ins. Co.* 160 Mass. 183. *Wilcock* v. *Massachusetts Bonding & Ins. Co.* 223 Mass. 482.

In accordance with the terms of the report the verdict for the defendant is to stand.

*So ordered.*