# DECISIONS

OF THE

# SUPREME JUDICIAL COURT

OF

# MASSACHUSETTS

---

STANISLOUS PAULAUSKAS *vs.* FIREMAN'S FUND INSURANCE
COMPANY.

Worcester.    September 23, 1925. — November 24, 1925.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Insurance*, Against fire: notice, waiver.

If a policy of insurance contains a specific provision to the effect that
none of its officers or agents "shall have power to waive" any of its
provisions, conduct of an attorney at law acting for the insurer which
does not amount to fraud cannot be effectual to excuse an insured from
complying with another provision of the policy requiring the filing of a
sworn statement of loss within sixty days after the loss occurred.

The provisions of G. L. c. 175, § 102, do not apply to a policy of insurance,
not in the standard form prescribed by § 99, against loss of an auto-
mobile by fire, damages while being transported, theft, robbery, or
pilferage.

CONTRACT upon a policy of insurance against loss of an
automobile by fire, damage while being transported, theft,
robbery, or pilferage.    Writ dated October 3, 1919.

In the Superior Court, the action was tried before *O'Con-
nell*, J.    Material evidence is described in the opinion.    At
the close of the evidence, the defendant moved for a verdict
in its favor.    The motion was denied and there was a verdict
for the plaintiff in the sum of $1,665.80.    The defendant
alleged exceptions.

*M. C. Taylor,* for the defendant.

*J. H. Meagher, E. Zaeder, & J. L. Bianchi,* for the plaintiff, submitted a brief.

CARROLL, J.   The defendant issued to The Henley Kimball Company and Stanislous Paulauskas "as their interest may appear" a policy of insurance against loss by fire of the plaintiff's automobile.   There was evidence that the automobile was purchased by the plaintiff from The Henley Kimball Company on a contract of conditional sale, and that it was destroyed by fire.   The defendant relies on the plaintiff's failure to comply with the conditions of the policy as to notice and proof of loss, and on his breach of certain warranties contained in the policy.   The defendant's motion for a directed verdict was denied and the case is here on the defendant's exceptions.

The policy required the assured to furnish the company, within sixty days of the loss or damage of the property, a statement in writing, signed and sworn to by the assured, stating the knowledge and belief of the assured as to the time and cause of the loss or damage, and "the interest of the Assured and of all others in the property," failure to render such sworn statement making the "claim null and void." This provision of the policy was not complied with.   The plaintiff did not furnish the defendant within sixty days of the loss a sworn statement of loss.   His contention is that this requirement was waived by the defendant.   As showing a waiver of this requirement, he relies on the evidence that on the day of the fire The Henley Kimball Company wrote the defendant's agent at Boston informing him of the loss by fire; on the next day a detailed report in writing describing the loss was mailed this agent.   Later the plaintiff met one of the defendant's adjusters and "answered whatever questions" were asked.   He was referred by this adjuster to Mr. Cotter, a member of the law firm which represented the defendant.   At one of the meetings with Mr. Cotter, the plaintiff was examined by him.   He testified that after the examination Mr. Cotter said to him that the examination would be written out in a few days and he would write the plaintiff to come down and swear to it; that Mr. Cotter did

not write; that he "waited a week and went down and swore to the questions and answers." After sixty days had elapsed, the plaintiff gave his sworn statement.

The policy contained this clause: "no officer, agent or other representative of this Company shall have power to waive any provision or condition of this Policy except such as by the terms of this Policy may be the subject of agreement endorsed hereon or added hereto; and as to such provisions and conditions no officer, agent, or representative shall have such power to be deemed or held to have waived such provisions or conditions unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this Policy exist or be claimed by the insured unless so written or attached." The validity of such a provision in a policy of insurance has been upheld in many decisions. It is binding on the parties. *Kyte* v. *Commercial Union Assurance Co.* 144 Mass. 43. *Porter* v. *United States Life Ins. Co.* 160 Mass. 183. *Hayes* v. *Metropolitan Life Ins. Co.* 236 Mass. 476, 479. *Cass* v. *Lord,* 236 Mass. 430, 434. *Larner* v. *Massachusetts Bonding & Ins. Co.* 238 Mass. 80, 82. These decisions are controlling. The parties were bound by the contract; see in this connection *Eastern Advertising Co.* v. *E. L. Patch Co.* 235 Mass. 580, 582, 583, and cases cited. The stipulation in the policy requiring a sworn statement of loss within sixty days was not performed; there was no waiver, and on this ground a verdict should have been directed for the defendant.

The plaintiff does not contend that fraud was practised upon him, although he contends that he relied upon the statements made by Mr. Cotter. This is not enough to allow the plaintiff to disregard the provisions of the policy.

G. L. c. 175, § 102, providing that an insurance company shall not avail itself of the omission by the insured to furnish sworn proof of loss, provided he furnishes a written statement of loss, is not applicable. That statute is limited to losses under a fire insurance policy in the standard form prescribed by G. L. c. 175, § 99. The policy in the case at bar covers "Theft, robbery, or pilferage," as well as loss by fire and

lightning, and it does not purport to be in the standard form to which the statute applies.

We do not consider the other questions involved in the trial. Some of them are discussed in *Simpionbato* v. *Royal Ins. Co. Ltd.* 253 Mass. 606.

As the terms of the policy requiring a sworn statement of loss were not complied with, and were not waived, the exceptions must be sustained, and judgment entered for the defendant.

*So ordered.*