SAMUEL AISENBERG & others *vs.* ROYAL INSURANCE
COMPANY, LIMITED.

Worcester.    September 25, 1928. — March 26, 1929.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Insurance*, Against theft. *Pleading, Civil*, Declaration. *Notice.*

A policy of insurance issued to one conducting a trucking business covered "theft of an entire shipping package" "while on board" certain designated motor vehicles; and contained the usual provision

concerning "Notice and Proof of Loss," and a provision that action must be brought within a specified time. The declaration in an action on the policy contained allegations that "certain parts of . . . merchandise" shipped on motor vehicles described in the policy were stolen therefrom while in transit; that demand for payment was made upon the defendant; and that "all the terms of said policy have been complied with . . ." by the insured. The defendant demurred on sundry grounds, and the demurrer was sustained. *Held*, that

(1) Since, under the terms of the policy, the giving of notice and proof of loss were conditions precedent to recovery, and should have been alleged specifically in the declaration, the demurrer properly was sustained on the ground that the declaration did not set forth a cause of action;

(2) Grounds stated for demurrer, that the declaration was misleading and did not give reasonable information, that it did not allege by whom the theft was committed, and that it failed to state that the theft occurred "while on board the insured . . . [motor vehicles]" were without foundation;

(3) The bringing of an action within the time specified in the policy was not a condition precedent to recovery; failure to do so was a matter which properly should be set up in the answer and was not a ground of demurrer;

(4) The demurrer properly was sustained in that the declaration did not show that the theft was of entire shipping packages.

CONTRACT upon a policy of insurance. Writ dated July 1, 1927.

Material allegations contained in the declaration as amended and portions of the policy are described in the opinion. The defendant demurred on grounds therein set forth. The fourth and seventh grounds were as follows:

"4. That it affirmatively appears from the writ and declaration . . . that the plaintiff's action is not brought within the time required by the terms of the policy."

"7. That the declaration fails to state that the thefts occurred 'while on board the insured automobiles.'"

The demurrer was heard in the Superior Court by *Lummus*, J., and was sustained. The judge thereupon reported the action for determination by this court under G. L. c. 231, § 111.

*L. E. Stockwell*, for the plaintiffs.

*W. B. Leach, Jr.*, for the defendant.

RUGG, C.J. This is an action of contract upon a policy of insurance issued by the defendant to one Hildreth, who

assigned to the plaintiffs all his rights to claims arising thereunder.    Copy of the policy is annexed to the declaration. In general Hildreth by the policy was insured against certain losses arising in conducting a trucking business.    Specifically it was agreed that the policy should apply on merchandise of the insured's own or held by the insured "in trust or on consignment or on commission while on board" designated motor vehicles "against the risks of . . . theft of an entire shipping package."    Further averments of the declaration are that while the policy was in force the plaintiffs shipped by the insured large quantities of merchandise; that while in transit on motor vehicles of the insured described in the policy "certain parts of said merchandise" were stolen therefrom; that the plaintiffs recovered judgment therefor against the insured, who assigned to the plaintiffs his rights against the defendant under the policy; that demand for payment was made upon the defendant; that "all the terms of said policy have been complied with on the part of" the insured and the plaintiffs.

The defendant demurred to the declaration.

The policy contained a clause entitled "Notice and Proof of Loss."    This clause does not differ in substance and effect from the similar clause in the standard form of fire insurance policy in G. L. c. 175, § 99, and varies from it so far as here material only in particulars required by the differences in risks insured against.    A clause of that character often has been held to be a condition precedent.  *Boruszewski* v. *Middlesex Mutual Assurance Co.* 186 Mass. 589, 590, and cases there collected.    *Parker* v. *Middlesex Mutual Assurance Co.* 179 Mass. 528, 530.  See *Larner* v. *Massachusetts Bonding & Ins. Co.* 238 Mass. 80, 82.    *Shapiro* v. *Security Ins. Co.* 256 Mass. 358, 365.    Since it is a condition precedent, it must be averred specifically in the declaration that it was performed or want of performance excused.    A general allegation of compliance with the terms of the policy is not sufficient.    G. L. c. 231, § 7, Twelfth.    *Newton Rubber Works* v. *Graham,* 171 Mass. 352.    *Palmer* v. *Sawyer,* 114 Mass. 1, 13, 14.    *Marsch* v. *Southern New England Railroad,* 230 Mass. 483, 490.    *Fried* v. *Singer,* 242 Mass. 527, 532.

See also G. L. c. 231, § 147, Form 10(d). Absence of this necessary averment from the declaration is proper ground for demurrer. *Lamson Consolidated Store Service Co.* v. *Prudential Fire Ins. Co.* 171 Mass. 433. *Harris* v. *North American Ins. Co.* 190 Mass. 361, 373. See *Second Society of Universalists* v. *Royal Ins. Co. Ltd.* 221 Mass. 518, 527, 529.

It follows that the first two and eighth grounds of demurrer, to the effect that a cause of action is not set out as required by law, must be sustained.

The third ground of demurrer, to the effect that the declaration is misleading and does not give reasonable information, we do not interpret as meaning the same as the two preceding grounds. Standing alone, it does not point out defects in the declaration. If further information is desired, the provisions of G. L. c. 231, § 61, concerning interrogatories, would afford the defendant opportunity to secure ample information.

There was a clause in the policy to the effect that action on the policy must be brought within "twelve (12) months next after the happening of the loss; provided that where such limitation of time is prohibited by the laws of the State wherein this policy is issued," then no such action should be "sustainable unless commenced within the shortest limitation permitted under the laws of such State." This is a contractual limitation as to time on the right of action. It ·is not a condition precedent. It stands on no firmer footing than an ordinary statute of limitations. *Castaline* v. *Swardlick*, 264 Mass. 481, 484, 485. It must be pleaded by way of defence and cannot successfully be made ground for demurrer in an action at law. *Hodgdon* v. *Haverhill,* 193 Mass. 327, 330. *McRae* v. *New York, New Haven & Hartford Railroad,* 199 Mass. 418, 419. *Miller* v. *Aldrich,* 202 Mass. 109, 113. G. L. c. 231, § 28, and § 147, Form 28. The rule in equity is different. *Quinn* v. *Quinn,* 260 Mass. 494, 497. The fourth ground of demurrer is not well taken.

The fifth ground of demurrer, to the effect that the declaration does not allege by whom the thefts were committed, is not sound. There is no requirement that allegations of that nature must be in the declaration.

The sixth ground of demurrer is that the declaration fails to allege that the thefts which occurred were of entire shipping packages. The indemnity provided in the policy in this respect was for "theft of an entire shipping package." There ought to have been an allegation adequate to show that the thefts were of the nature covered by the policy. This ground of demurrer is good.

The allegations of the declaration are sufficient to the effect that the thefts occurred from motor vehicles of the insured under conditions covered by the policy. There is nothing in the seventh ground of demurrer. *Davis* v. *H. S. & M. W. Snyder, Inc.* 252 Mass. 29, 34, 35.

<em>Order sustaining demurrer affirmed.</em>