PAUL HOLICH vs. THE GLOBE AND RUTGERS FIRE INSURANCE
COMPANY.

Hampshire.   September 17, 1930. — October 2, 1930.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Insurance*, Against hail, windstorm or tornado;  Waiver of sworn state-
ment of loss.  *Waiver*.

A policy of insurance against damage to tobacco by hail, windstorm or
tornado provided that no officer, agent or other representative of
the insurance company should have the power to waive or change
any provision or condition thereof except as indorsed thereon; that
the insured should furnish the company with a sworn statement of
loss within two months after its occurrence; and that, in the event of
disagreement as to the amount of damage, there should be an ap-
praisal thereof at the request in writing of either the insured or the
company.  In an action upon the policy, it appeared that, after a loss
caused by hail and windstorm, the defendant sent an adjuster to the
plaintiff, who made the plaintiff an offer of settlement and offered to
have the amount of damage appraised;  that neither party made a
request in writing for an appraisal;  that the plaintiff, awaiting the
naming of an appraiser by the defendant, delayed filing a sworn state-
ment of loss with the defendant until seven months after the occur-
rence thereof;  that the defendant was not harmed by the plaintiff's
failure to furnish such statement within two months.  An auditor
found that the plaintiff was justified in assuming from what the ad-
juster had said to him that the defendant had waived the require-
ment of the policy as to such statement.  It did not appear that the
defendant based its refusal to pay the amount of the loss on any other
ground than the failure by the plaintiff to comply with that require-
ment.  *Held*, that
· (1) Nothing appeared to show that the adjuster had authority to
waive the requirement of the policy as to the furnishing of a sworn
statement of loss by the plaintiff, or that the defendant had waived
that requirement;
  (2) Since that requirement was not waived by the defendant, com-
pliance therewith by the plaintiff was a condition precedent to re-
covery by him;
  (3) G. L. c. 175, § 102, was not applicable;
  (4) The plaintiff was not entitled to recover.

CONTRACT.  Writ dated August 10, 1922.

In the Superior Court, the action was referred to an
auditor, whose findings of fact were to be final.  Material

facts found by the auditor are stated in the opinion. Upon the filing of his report, the action was heard without a jury by *Lummus,* J., who ordered judgment for the defendant and reported the action for determination by this court.

*F. J. Lawler,* for the plaintiff.

*C. H. Beckwith,* for the defendant.

CARROLL, J. This is an action of contract on a policy of insurance against damage by "Hail, Windstorm and/or Tornado to 14 acres of tobacco plants" in North Hatfield. The policy was subject to the conditions and stipulations "endorsed hereon or attached hereto which are hereby made part of this policy; and no officer, agent or other representative of this Company shall have power to waive any provision or condition of this policy except such as by its terms may be the subject of agreement endorsed hereon or attached hereto; and as to such provisions and conditions, no officer, agent or other representative of the Company shall have such power or be deemed or held to have waived or changed such provisions or conditions unless such waiver or change shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached." The stipulations and conditions provided that "within sixty days after the date" of the damage the insured should give to the company or its State agents a sworn statement in writing specifying the acreage damaged, the interest of the insured therein and other details. This sworn statement of loss was not given the insurer. The only sworn statement was given in January, 1922, about seven months after the date of the storms.

The case was referred to an auditor, whose findings of fact, it was agreed, should be final. He found that the plaintiff's crop covered by the policy was damaged by hail and windstorm to the extent of $1,337.50; that in consequence of information which came to the defendant, it sent its adjuster to the plaintiff on three occasions; that the adjuster, a man of experience in adjusting losses, discussed

with the plaintiff "a settlement: made the plaintiff an offer . . . [and] offered to have the tobacco appraised," the policy providing that in the event of disagreement as to the amount of damage the same at the written request of either party should be ascertained by appraisal. It was further found that neither party made such written request, that the plaintiff, "awaiting the naming by the defendant of an appraiser," delayed filing a sworn statement of proof of loss; that the defendant was in no way harmed by the failure to furnish the proofs of loss as required by the policy within sixty days; that compliance with this condition could be waived by the defendant; and that the plaintiff was justified in assuming from the statements of the adjuster that the defendant had waived this condition. The auditor states: "From all of the foregoing, I find as a fact that the defendant did waive the condition requiring the plaintiff to furnish within sixty days a sworn statement." In the Superior Court it was ordered that judgment be entered for the defendant. The case was reported to this court.

The facts found did not support the finding that the defendant waived the condition of the policy providing for the written proofs of loss. The adjuster had no authority to waive this provision, and there is nothing in the subsidiary findings to warrant a finding that he was authorized to do so. The performance of the provision that proof of loss in writing and under oath should be given within sixty days after the loss was a condition precedent to recovery by the plaintiff, and unless waived by the company or by its agent duly authorized the plaintiff could not recover. The case is governed by *Rockwell* v. *Hamburg-Bremen Fire Ins. Co.* 212 Mass. 318, *Larner* v. *Massachusetts Bonding & Ins. Co.* 238 Mass. 80, and *Paulauskas* v. *Firemen's Fund Ins. Co.* 254 Mass. 1.

In *Rockwell* v. *Hamburg-Bremen Fire Ins. Co. supra,* agents of the defendants went to the insured for the purpose of agreeing upon the amount of loss or, failing in this, "to have such amount determined by referees" according to the terms of the policy. It was said, at page 321, "That

was their errand and they had no other.  Whether the defendants had any ground upon which to contest their liability upon the policy, or whether having it they would waive it, was something about which these agents had no duty to perform nor power to act." In *Larner* v. *Massachusetts Bonding & Ins. Co. supra,* the policy provided for proofs of loss under oath, on forms provided by the company, within sixty days.  It was held that performance of this provision was a condition precedent to the plaintiff's right of recovery.

The plaintiff relies on *Shapiro* v. *Security Ins. Co.* 256 Mass. 358.  In that case proofs of loss were not furnished. There was evidence that when the loss was reported to the defendant, it placed the adjustment of the loss in the hands of an adjuster who made a full report; that the company refused to pay on the ground that the loss was not one recoverable under the policy.  In the course of the opinion, at page 366, it was stated: "It is generally held that a denial of liability or a refusal to pay not predicated on the failure to furnish proofs is a waiver of any objection on that ground."  In the case at bar there was no evidence of waiver, and nothing to show that the adjuster had authority to waive, nor that the defendant placed its refusal to pay on any ground other than the plaintiff's neglect to furnish proofs of loss as the policy required.

G. L. c. 175, § 102, is limited to losses under fire insurance policies and is not applicable here.  Whether this provision should be extended to other forms of insurance is for the Legislature to determine.

*Judgment for the defendant.*