WILLIAM D. RAY *vs.* FIDELITY AND DEPOSIT COMPANY OF MARYLAND.

Suffolk.    January 19, 1931. — April 1, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Insurance*, Burglary, Waiver of condition of policy, Notice.  *Waiver.*

A policy of insurance against loss by burglary contained the following condition: "Affirmative proof of loss or damage under oath on forms provided by the Company must be furnished to the Company at its Home Office in Baltimore, Maryland, within sixty days from the date of the discovery of such loss or damage. . . ." One insured thereunder discovered such a loss on January 20. He never made such a proof of loss as the above condition required. He immediately communicated with a broker through whom he had procured the insurance, who notified the insurance company at its office in Boston

by letter. A representative of the insurance company two days later called on the insured, told him to make out a list of the stolen articles with the cost price, and left with him an "information blank" to be made out. The insured made out the blank and sent it either to the broker or to the company and sent a list of stolen articles to the broker. Within a month, the broker and the insured made personal calls at the company's Boston office, and the insured consulted a lawyer. Action on the policy was not begun until nearly two years after the discovery of the loss. A motion that a verdict for the defendant be ordered was denied. There was a verdict for the plaintiff. The defendant alleged exceptions. *Held,* that

(1) There was no evidence of a waiver of a sworn proof of loss, or to justify a finding that the plaintiff was induced to believe that performance on his part of the conditions of the policy was excused;

(2) Judgment for the defendant was ordered under G. L. c. 231, § 122.

CONTRACT upon the policy of insurance against loss by burglary described in the opinion. Writ dated December 10, 1926.

In the Superior Court, the action was tried before *Walsh,* J. Material evidence is stated in the opinion. There was a verdict for the plaintiff in the sum of $1,897.15. The defendant alleged exceptions.

*D. J. Triggs,* for the defendant.

*D. L. Smith (J. F. Cronan* with him,) for the plaintiff.

WAIT, J. We need discuss only one of the exceptions set out in the bill before us. The plaintiff brings the action upon a policy of burglary insurance. One of the conditions precedent set out in the policy reads in part as follows: "Affirmative proof of loss or damage under oath on forms provided by the Company must be furnished to the Company at its Home Office in Baltimore, Maryland, within sixty days from the date of the discovery of such loss or damage . . . ." No such proof of loss was made at any time. The plaintiff contends that the jury could find that this condition was waived. The law is settled that such a condition is valid. *Paulauskas* v. *Fireman's Fund Ins. Co.* 254 Mass. 1, 3, and cases cited. Unless performance has been excused, failure to comply with the condition is fatal. *Boruszweski* v. *Middlesex Mutual Assurance Co.* 186 Mass. 589. *Larner* v. *Massachusetts Bonding & Ins. Co.* 238 Mass. 80.

At the trial the only evidence with regard to proof of loss was the following. The loss was discovered on January 20, 1925. The assured sent word at once to one Timmerman, the insurance broker who obtained the policy for him. On January 21 Timmerman, by letter, notified the company, at its office in Boston, that a loss, estimated at about $1,400, had occurred under the policy, and stated that one of the company's adjusters had advised by telephone that morning that attention would be given to it that day. A representative of the company called on the assured on January 21 or 22, stated that he came to inspect and get information, talked with the plaintiff, told him to make out a list of the articles stolen with the cost price, and left with him an "information blank" to be filled out. He had no further communication with the plaintiff. The information blank was filled out and sent either to Timmerman or to the company. It was produced at the trial by the company. The plaintiff and his daughter, who kept his accounts, made out a list of seven articles with cost prices. A copy of this was sent to Timmerman, one copy was retained, and, possibly, a third was prepared. The company declared it never received such a list. A copy was admitted in evidence, subject to the defendant's exception, after it had failed to produce the list upon notice so to do. A few days after January 21 Timmerman called at the Boston office, and urged payment of the loss. Sometime, probably in February, the plaintiff with Timmerman called, uninvited, on the claims adjuster of the company at the Boston office, and Timmerman tried to get a settlement. The plaintiff consulted a lawyer who wrote on February 12 to the company at Boston demanding payment of the loss. The vice-president of the company at Boston about March 19 received a letter from Timmerman in relation to the matter. This letter, though offered as a whole and in part by the defendant, was excluded against objection. No letters concerning the matter were received by the plaintiff from the defendant. The writ was dated December 10, 1926.

Here is nothing to indicate a waiver of a sworn proof of loss, or to justify a finding that the plaintiff was induced to

believe that performance on his part of the conditions of the policy was excused, with the possible exception that he need not deal with the home office at Baltimore. Nor could it be found that the first representative had authority to waive compliance. There are no such circumstances as have led the court in cases like *Shapiro* v. *Security Ins. Co.* 256 Mass. 358, *Searle* v. *Dwelling House Ins. Co.* 152 Mass. 263, *Little* v. *Phoenix Ins. Co.* 123 Mass. 380, to decide that a jury would be justified in finding a waiver or other excuse for failing to furnish a sworn proof of loss. The case is governed by *Holich* v. *Globe & Rutgers Fire Ins. Co.* 272 Mass. 587, *Vasaris* v. *National Liberty Ins. Co. of America*, 272 Mass. 62, *Paulauskas* v. *Fireman's Fund Ins. Co., supra, Larner* v. *Massachusetts Bonding & Ins. Co., supra, Rockwell* v. *Hamburg-Bremen Fire Ins. Co.* 212 Mass. 318. There was error in denying the motion for a directed verdict for the defendant. Since this goes to the essence of the action, we do not deal with the other exceptions.

Pursuant to G. L. c. 231, § 122, the order is

*Judgment for the defendant.*