EUGENE FRIEDMAN *vs.* ORIENT INSURANCE COMPANY.

Worcester.    March 10, 1932. — March 29, 1932.

Present: RUGG, C.J., CROSBY, WAIT, SANDERSON, & FIELD, JJ.

*Insurance,* Theft, Notice of loss, Waiver of notice. *Waiver. Estoppel. Pleading, Civil,* Declaration.

At the trial of an action of contract upon a policy of insurance against theft of an automobile, there was evidence that the theft occurred on October 15, an hour and a half after the policy took effect; that a week after the loss a broker who had placed the policy went to the office of an agent of the defendant where he had placed it and told a clerk there of the loss; that on November 28 counsel for the plaintiff wrote the defendant stating in substance that the plaintiff had spoken to him respecting the loss and asking that the matter be taken "up with us immediately and if proper notices have not been given in connection with the loss notify us to that effect"; and that the defendant wrote the counsel on December 20 asserting that application was made for the policy after the automobile was stolen and that the policy was not in effect at the time of the theft. The policy contained provisions requiring "immediate notice . . . in writing" to the defendant in the event of a theft, and a sworn proof of loss within sixty days; that no action could be maintained on the policy unless such requirements were met; and also that no officer, agent or representative had authority to waive any of the terms of the policy unless such authority were given in writing and attached to the policy. A verdict for the defendant was ordered. *Held,* that

(1) There was no evidence warranting a finding that the requirements of the policy as to notice had been met;

(2) There was no evidence warranting a finding of waiver by the defendant of the provisions of the policy;

(3) There was no evidence of conduct of the defendant estopping it from relying on the plaintiff's failure to comply with provisions of the policy requiring immediate notice and a sworn proof of loss.

In the circumstances, it *was stated* that it was not necessary to decide whether the ordering of the verdict in the action above described could be supported on the ground that excuse for noncompliance with the conditions in the policy could not be shown under the declaration, which contained no allegation of a waiver by the defendant of compliance with the terms of the policy.

CONTRACT. Writ dated January 16, 1929.

In the Superior Court, the action was tried before *J. J. Burns*, J. Material evidence is stated in the opinion. The judge ordered a verdict for the defendant and reported the action for determination by this court.

The case was submitted on briefs.

*G. R. Stobbs, H. H. Hartwell, & L. E. Stockwell*, for the plaintiff.

*R. B. Dodge & A. T. Saunders*, for the defendant.

FIELD, J. This is an action of contract to recover for the theft of an automobile under an insurance policy insuring against such theft. The declaration alleged issuance of the policy, a copy of which is annexed, theft of the automobile, compliance by the plaintiff with the terms of the policy, demand by the plaintiff for payment and refusal by the defendant. Waiver of compliance with the terms of the policy was not alleged. The answer was a general denial.

At the trial it was admitted that the policy in question, which was in evidence, was a valid policy issued by the defendant. There was evidence that it took effect at noon, October 15, 1928, and that the theft occurred an hour and a half later. The policy provides that "no officer, agent or other representative of . . . [the defendant] shall have power to waive any of the terms of this policy unless such waiver be written upon or attached hereto," that "In the event of loss or damage . . . the Assured shall give immediate notice thereof in writing to . . . [the defendant,] give immediate notice thereof to the Police," and within sixty days after loss or damage, unless the time is extended in writing, furnish sworn proof of loss, and that no action on the policy shall be sustainable unless the assured has fully complied with these and other requirements.

There was evidence that the plaintiff's broker who had

placed the policy with the defendant's agent went to that agent's office a week after the loss and told a clerk in that office that the car had been stolen on October 15, 1928. The clerk testified "that she reported the information the broker had given her to Burnham and that it was his custom to report to the defendant company." A letter dated November 28, 1928, from counsel for the plaintiff addressed to the defendant was introduced. It stated that "Eugene Friedman of this city has spoken to us in connection with damage to his Peerless sedan which was stolen on October 15, 1928 arising through policy with your company numbered 109455. Will you please take this up with us immediately and if proper notices have not been given in connection with the loss notify us to that effect." A letter dated December 20, 1928, addressed to counsel for the plaintiff and purporting to be signed by the defendant was admitted in evidence subject to the defendant's exception. Therein receipt of the letter of November 28, and of a letter of December 12 was acknowledged and it was stated that "According to the advices that have come to us, Mr. Friedman's broker after it was reported to him that the car was stolen, applied to our agents for insurance on the car without disclosing the fact that the car had been stolen, and our agents issued policy 109455. In the circumstances we have taken the position that there is no liability on the part of this company because our policy was not in effect when the car was stolen." The report states that there "was no other evidence to show notice of loss to the defendant, proof of loss, appraisal, or waiver of such provisions."

The defendant moved for a directed verdict "upon the pleadings and the evidence." The motion was granted, subject to the plaintiff's exception, and the case reported upon an agreement of the parties that if the verdict should not have been directed judgment should be entered for the plaintiff in the sum of $400.

The verdict was directed rightly.

Immediate notice of the loss in writing, required by the terms of the contract, was a condition precedent to re-

covery in this action. The burden of proving performance, or excuse for nonperformance, was on the plaintiff. *Hatch v. United States Casualty Co.* 197 Mass. 101, 105–106. *McCarthy* v. *Rendle*, 230 Mass. 35. *Wilcox* v. *Massachusetts Protective Association, Inc.* 266 Mass. 230. *Vasaris* v. *National Liberty Ins. Co. of America,* 272 Mass. 62, 66. *Hannuniemi* v. *Carruth, ante,* 230, and cases cited.

The evidence did not show that immediate notice in writing of the loss was given. It did not appear that the notice given to the defendant's agent a week after the theft was in writing. There was no evidence of any written notice of loss having been given prior to the letter of November 28, 1928, from the plaintiff's counsel to the defendant. Doubtless the meaning of "immediate" in the policy depends upon the circumstances of the case. However, it implies nothing less than due diligence on the part of the plaintiff to act with reasonable promptness in those circumstances (*Everson* v. *General Accident, Fire & Life Assurance Corp. Ltd.* 202 Mass. 169, 174, *Greenough* v. *Phoenix Ins. Co. of Hartford,* 206 Mass. 247, 249, and cases cited, *Wilcox* v. *Massachusetts Protective Association, Inc.* 266 Mass. 230, 237), and proof of such diligence was a part of the plaintiff's case. There was no evidence that the plaintiff did not discover his loss on the day of the theft. The notice required was simple, and not technical. No sufficient reason appears for a delay of nearly a month and a half before such a written notice of loss was given to anybody. Therefore it could not have been found on the evidence in the case that the plaintiff acted with due diligence. *Hannuniemi* v. *Carruth, ante,* 230, 232. See also *Wilcox* v. *Massachusetts Protective Association, Inc.* 266 Mass. 230, 238. Whether in other respects these notices were adequate need not be decided.

The evidence did not warrant a finding that immediate notice of loss in writing was waived or otherwise excused. By the terms of the policy no agent had authority to waive any of its provisions unless by a waiver written upon or attached thereto. No such waiver of the provision for

notice of loss was shown. Nor was there any evidence that the agent whose office was notified of the loss had authority to excuse immediate written notice in any other way (see *Paulauskas* v. *Fireman's Fund Ins. Co.* 254 Mass. 1, 3, *Shapiro* v. *Security Ins. Co.* 256 Mass. 358, 365), or, if he had such authority, any evidence that he did so. Nothing appears to have been done by plaintiff or defendant after the notice to the agent until November 28, 1928. By this time the condition requiring notice of loss had been broken. Neither the failure of the defendant to reply to the letter of counsel for the plaintiff dated November 28 before the following December 20, nor the defendant's letter of the latter date could have been found to amount to a waiver of this breach of condition. No agreement to that effect could have been implied. Nor was the defendant estopped by its conduct from relying on the breach. Neither the defendant's failure to reply earlier nor its letter denying liability on another ground could have lulled the plaintiff into a feeling of security with respect to his noncompliance with a condition of the policy, performance of which was overdue, so as to affect his actions. This conduct of the defendant, in the absence, as here, of other evidence, did not show that in the period during which the plaintiff should have given notice in writing of his loss the defendant had excused the giving of such notice. *Shapiro* v. *Security Ins. Co.* 256 Mass. 358, 365–367, and cases cited. As the evidence did not warrant a verdict for the plaintiff on the ground that performance of the condition requiring immediate notice of loss in writing was excused, it is not necessary to decide whether the direction of a verdict for the defendant could be supported also on the ground that excuse for noncompliance with the condition could not be shown under the pleadings. See G. L. c. 231, § 7, Twelfth; *Aisenberg* v. *Royal Ins. Co. Ltd.* 266 Mass. 543, 545–546; *Goldberg* v. *Lynn Manufacturers & Merchants Mutual Fire Ins. Co.* 276 Mass. 213, 215; *Brasslavsky* v. *Boston Elevated Railway,* 250 Mass. 403.

Since the plaintiff's case fails for want of proof that he gave the defendant notice of loss.as required by the policy

or that the giving of such a notice was waived or excused, it is not necessary to consider whether it fails on any other ground.

It follows that judgment must be entered for the defendant under G. L. c. 231, § 125.

*So ordered.*