JOHN ZICK vs. BOSTON CASUALTY COMPANY.

Suffolk.    December 6, 1932. — March 31, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, & FIELD, JJ.

*Waiver. Insurance*, Accident: proof of loss, waiver. *Agency*, Scope of
authority.

A policy of accident insurance required that the insured, to recover
thereunder, should furnish certain proofs. In an action upon the
policy, the insured conceded that he had not furnished such proofs,
but contended that the requirements in the policy had been waived
by an authorized representative of the company. The policy also
provided: "No agent has authority to change this policy or to waive
any of its provisions. No change in this policy shall be valid unless
approved by an executive officer of the Company and such approval
be endorsed hereon." The only evidence as to the authority of the
defendant's representative to waive the provisions of the policy was
that at the time of the plaintiff's accident he was connected with the
defendant's claim department as an adjuster and was temporarily in
charge during the illness and absence of the regular head of that
department; that when a claim was made it was put into his hands
to settle or dispose of, and that he did so; that he had no one
over him in that field; that he had gone to the plaintiff's house and
had told him that he was from the insurance company; that after
this call he returned to the defendant's office and sent the plaintiff
a letter and draft for $60; that when the draft for $60 was received
by the plaintiff, his wife telephoned the office of the defendant and
asked if that was all they were to receive and she was told "that is
all you are going to get, and don't bother us any more; we are through;
we are all through with you." There were no further communications
with the defendant. The plaintiff in open court at the trial returned
the draft to the defendant. *Held*, that the evidence did not warrant
a finding that the representative had authority to waive the provisions
of the policy.

CONTRACT upon a policy of accident insurance. Writ
dated September 30, 1931.

In the Superior Court, the action was tried before *Lummus*,
J. Material evidence is described in the opinion. The
judge denied a motion that a verdict be ordered for the
defendant. There was a verdict for the plaintiff in the
sum of $262.42. The defendant alleged exceptions, which,

after the appointment of *Lummus,* J., to this court, were allowed in the Superior Court by *Macleod,* J.

The case was submitted on briefs.

*J. H. Ells,* for the defendant.

*B. J. Killion,* for the plaintiff.

CROSBY, J.   This is an action of contract brought against an insurance company for accident indemnity for injuries sustained by the plaintiff while at work at his occupation. The defendant in March, 1929, issued to the plaintiff a policy in which the defendant agreed to pay to the plaintiff a weekly indemnity of $15 in case the plaintiff during the period of the policy suffered bodily injuries, caused solely and directly by accidental means, provided the conditions of the policy were complied with.   The plaintiff paid the required premiums due on the policy.   He met with an injury on December 10, 1930, at his place of employment, and notified the defendant of his accident by letter dated December 11, 1930; this letter was received by the defendant December 13, 1930.   The plaintiff was treated by a physician.   Soon after the receipt of the plaintiff's letter, the defendant sent him a blank "Preliminary Notice of Accident," to be filled out by the plaintiff and his physician; the notice, filled out, was received back by the defendant on December 18, 1930.   The plaintiff claimed that he was totally disabled and unable to return to work until April 14, 1931.   The policy was introduced in evidence and contained among others the following provisions: "STANDARD PROVISIONS . . . 2. No statement made by the applicant for insurance not included herein shall avoid the policy or be used in any legal proceedings hereunder.   No agent has authority to change this policy or to waive any of its provisions.   No change in this policy shall be valid unless approved by an executive officer of the Company and such approval be endorsed hereon. . . . 7. Affirmative proof of loss must be furnished to the Company at its said office in case of claim for loss of time from disability within ninety days after the termination of the period for which the Company is liable, and in case of claim for any other loss, within ninety days after the date of such loss. . . . GENERAL PROVISIONS . . . 24. If the insured is dis-

abled for more than one month, he or his representatives shall furnish the Company once every thirty days, or as near thereto as possible, with a report from the attending physician or surgeon fully stating the condition of the Insured. . . . 26. Full compliance on the part of the Insured and Beneficiary with all of the provisions of this policy is a condition precedent to recovery hereunder, and any failure in this respect shall forfeit to the Company all right to any indemnity. Nor shall this policy go into force or effect until the first premium is actually paid."

The plaintiff did not send to the defendant any other notice whatever after the preliminary notice. He did not send affirmative proof of loss under paragraph 7 of the standard provisions or a doctor's report under paragraph 24 of the general provisions of the policy. It is the contention of the defendant that under paragraph 26 the plaintiff is precluded from recovery. The plaintiff says that the defendant waived the foregoing provisions. The defendant argues that under paragraph 2 of the standard provisions of the policy there was no waiver. It is not contended by the plaintiff that the provisions of the policy as to notice were complied with by him. The only question presented for decision is whether the defendant waived paragraph 7 of the standard provisions or paragraph 24 of the general provisions of the policy.

The plaintiff contends "that proofs beyond 'Preliminary Notice' were waived by the defendant by its authorized representative, George H. Clark." Clark was called as a witness by the plaintiff and testified that at the time of the plaintiff's accident he was connected with the defendant's claim department as an adjuster, and was temporarily in charge during the illness and absence of the regular head of that department; that when a claim was made it was put into his hands to settle or dispose of, and that he did so; that he had no one over him in that field; that at some time before January 29, 1931, he went to the plaintiff's house and told him he was from the insurance company; that after this call he returned to the defendant's office and sent the plaintiff a letter and draft for $60;

and that he settled the claim on the proofs submitted. There was evidence that when the draft for $60 was received by the plaintiff, his wife telephoned the office of the defendant and asked if that was all they were to receive and she was told "that is all you are going to get, and don't bother us any more; we are through; we are all through with you." There were no further communications with the defendant. The plaintiff in open court at the trial returned the draft to the defendant. The foregoing is the substance of all the testimony so far as it relates to the question of waiver by the defendant of the terms of the policy.

At the close of the evidence the defendant moved that a verdict be directed in its favor, specifying, at the request of the judge, the grounds upon which the motion was based, namely: that there was no affirmative proof of loss furnished to the defendant within ninety days after the termination of the period for which the company is liable, in accordance with paragraph 7 of the standard provisions of the policy, that there was no physician's report furnished in compliance with paragraph 24 of the general provisions of the policy, and that, in consequence of the failure to comply with those provisions, under paragraph 26 of the general provisions no recovery could be had; and furthermore, under paragraph 2 of the standard provisions, that there is no evidence of waiver of those conditions; and the fact that the defendant did not send any further blank for proof is no waiver or evidence of waiver of the provisions of the policy in regard to requiring final proof. The judge denied the motion subject to the defendant's exception.

Although the plaintiff sent to the defendant a "Preliminary Notice of Accident," no affirmative proof of loss was furnished to the defendant as required by paragraph 7 of the standard provisions, and no report from the attending physician was sent as required by paragraph 24 of the general provisions. The question is whether there was any evidence of waiver of the provisions of the policy above referred to. Although Clark testified that he was a claim

adjuster and temporary head of the claim department of the defendant, there is no evidence that he was an executive officer of the defendant. The only conversation he had with the plaintiff cannot properly be construed as a waiver of the express terms of the policy. His testimony that he was a claim adjuster and temporarily was head of the claim department, that he settled claims put in his hands and that no one was over him in that field, did not authorize him to waive the provisions of the policy which expressly provided that "No agent has authority to change this policy or to waive any of its provisions." There was no evidence which would warrant a finding that Clark had authority to waive any condition of the policy. It is apparent from his testimony that the interview had by him with the plaintiff after receipt of the preliminary notice of the accident was for the purpose of ascertaining the extent of the plaintiff's disability and of determining the amount which would be due under the policy. It does not appear that as a claim adjuster he had any other duty to perform on behalf of his employer. He had no authority as a claim adjuster to waive the requirements of the policy relating to proof of loss, or to furnishing the company with a report of the attending physician. *Kyte* v. *Commercial Union Assurance Co.* 144 Mass. 43. *Rockwell* v. *Hamburg-Bremen Fire Ins. Co.* 212 Mass. 318. *Vasaris* v. *National Liberty Ins. Co. of America,* 272 Mass. 62. *Friedman* v. *Orient Ins. Co.* 278 Mass. 596, and cases cited.

The plaintiff relies upon the decisions in *Little* v. *Phoenix Ins. Co.* 123 Mass. 380, and *Shapiro* v. *Security Ins. Co.* 256 Mass. 358. In *Little* v. *Phoenix Ins. Co.* the policy provided, among other provisions, that no suit or action against the company for the recovery of any claim should be sustained unless commenced within twelve months next after the loss occurred. The action was brought against the company more than twelve months after the loss. Immediately after the fire the plaintiff notified the defendant's agents of the fire and he was referred to an adjuster for the company and gave to the adjuster, at his request, a list of the furniture claimed to have been destroyed. The

adjuster, one Pierson, took the memorandum without any objection as to its form and there was evidence that both parties acted on it as sufficient proof, the only matter of difference being as to the value and the loss of some items on the list. While the negotiations were pending frequent interviews were had with the adjuster in reference to the loss without any objection made that no formal proof of loss had been presented. Thereafter Pierson ceased to act for the company and negotiations were continued with one Tainter, as general agent for the company, who testified that he succeeded Pierson in the business. He received the list of the furniture lost and satisfied himself as to what articles named in it had been saved. There was evidence that he made no objection that it was not a sufficient proof of loss within the requirements of the policy; that both Pierson and Tainter acted as general agents, having authority to settle the loss, with the knowledge and approval of the company; that they were charged with the duty of settling the whole loss, and in this respect represented the company. It was said by the court that the jury must have found that the agents of the defendant delayed the settlement upon the pretence that they were seeking to adjust the loss, and while admitting liability intended to prolong the negotiations and induce the plaintiff to forego bringing suit for twelve months by leading him to believe that they did not intend to rely on the clause in question; "that they wilfully and in bad faith misled him in this respect and prevented him from bringing his action within the time named." (Page 389.) It was held that there was sufficient evidence in the declarations and conduct of these general agents to warrant the jury in finding a waiver of the proofs required by the policy.

In *Shapiro* v. *Security Ins. Co.* 256 Mass. 358, the plaintiff's automobile was insured against loss by theft. The policy provided that no officer, agent or other representative of the company should have power to waive any of the terms of the policy unless such waiver was written upon or attached thereto. It required the assured within sixty days after loss to render to the company a statement signed and

sworn to by him stating the time, place and cause of loss and other particulars. The day after the theft the plaintiff gave notice thereof to the agent who placed the insurance, and the latter notified the office of one Peters, who, at that time, was the agent and underwriter of the defendant for its automobile business. That office had been instructed by the defendant to use one Hannon as adjuster on automobile losses and adjustments. It was agreed that Hannon might be considered the insurance adjuster in the case. The adjuster saw the plaintiff within a day or two and wrote a statement which the plaintiff signed giving the information called for by the policy. There was evidence that the adjuster then said that he then wanted no more particulars and would let the plaintiff know if he wanted anything more. The plaintiff later was examined by counsel for the defendant with the assistance of the adjuster. The examination contained questions and answers, and at its conclusion the plaintiff asked counsel and the adjuster if that was all and was told that if there was anything else they would let him know. He later received a letter from the defendant's counsel that the examination was ready for his signature and the next day it was signed and sworn to by him. The agent who placed the insurance made inquiries of the adjuster concerning the plaintiff's claim. At the third interview the adjuster said to the agent he did not think the company would pay the claim and referred him to counsel. There was evidence that when the claim was turned over to the adjuster the matter was left entirely to him so far as the Peters office was concerned. In September following the defendant wrote counsel for the State insurance and banking department to the effect that further investigation had been made by the adjuster and they were advised by their counsel that the theft was one not recoverable under the policy; that the assured had knowledge of the loss of the car which in their opinion precluded him from recovery. It was said in the opinion, at page 366, that "It is generally held that a denial of liability or a refusal to pay not predicated on the failure to furnish proofs is a waiver of any objection on that ground." *Searle* v. *Dwelling House Ins. Co.* 152 Mass. 263, 265.

The facts found in *Little* v. *Phoenix Ins. Co.* and *Shapiro* v. *Security Ins. Co.* are plainly distinguishable from those in the case at bar. There was no evidence which would warrant a finding that Clark had authority to waive any condition of the policy. The case is governed in principle by *Hatch* v. *United States Casualty Co.* 197 Mass. 101, *Rockwell* v. *Hamburg-Bremen Fire Ins. Co.* 212 Mass. 318, *Vasaris* v. *National Liberty Ins. Co. of America,* 272 Mass. 62, *Holich* v. *Globe & Rutgers Fire Ins. Co.* 272 Mass. 587, *Ray* v. *Fidelity & Deposit Co. of Maryland,* 275 Mass. 184, *Chauncey* v. *Royal Ins. Co. Ltd.* 275 Mass. 243, and *Friedman* v. *Orient Ins. Co.* 278 Mass. 596. See also *Jackson & Co. (Inc.)* v. *Great American Indemnity Co., ante,* 337; *Dwelling-House Ins. Co.* v. *Snyder,* 30 Vroom, 18.

As the defendant's motion for a directed verdict should have been granted, it is unnecessary to consider the exception to the charge.

The entry must be

*Exceptions sustained.*