Keniston, G. J.
'This is an action of contract to recover for the loss of a fur coat under a policy of insurance issued by the defendant to the plaintiff covering the loss of the coat.
The answer was a general denial.
The policy of insurance so far as- material to the questions involved in this report provided under “Conditions”—
“The assured shall immediately report to this company or its agent every loss or damage which may become a claim under this policy, and shall also file with the company or its agent, a detailed sworn proof of loss within ninety days from date of loss. Failure by the assured either to report the said loss or damage or to file such written proofs of loss as above provided, shall invalidate any claim under this policy.
“This policy is made and accepted subject to the foregoing stipulations and conditions, and to the conditions printed on the back hereof, which are hereby specially referred to and made a part of this policy, *120 together with such other provisions, agreements or conditions as may be endorsed hereon or added hereto; and no officer, agent or other representative of this company shall have power to waive or be deemed to have waived any provision or condition of this policy unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege1 or permission affecting the insurance under this policy exist or be claimed by the assured unless so written or attached. ’ ’
There was evidence from which it could have been found and the trial judge did find that the plaintiff’s coat was lost some time prior to January 4,1945'. The only evidence with regard to a detailed sworn proof of loss by the plaintiff to the defendant under the provisions of the policy was as follows. The plaintiff through her lawyer notified the defendant of her loss by a letter of claim dated January 3, 1945 in which after stating the circumstances of her loss— contained in the last paragraph the following: “Kindly
consider this letter as a demand to meet the requirements as stipulated in your policy for damages sustained by said loss” and on January 25, 1945 a second letter was sent to the defendant by the plaintiff through her attorney which after referring to the prior letter of claim and reasserting the plaintiff’s claim stated in the last paragraph, “'Kindly consider this letter as a full compliance with the conditions stipulated in the policy relative to reporting loss, if it is not so considered, please let me know, otherwise I shall con- ' sider it sufficient. Kindly acknowledge receipt of this letter.” Neither of these letters was acknowledged or replied to by the defendant nor was there any evidence whatever of the conduct of the defendant after receiving the two letters other than that the plaintiff was not paid her claim, nor was there any evidence why the claim was not paid.
The court made the following findings of fact as applicable to the proof of loss. “The failure of the defendant to *121 reply to the letters of claim of the plaintiff — was- tantamount to a permissible inference, reasonably to be drawn by me, that these notices and claims for damages were acceptable to the defendant under the terms and conditions of the policy. This inference is buttressed by the failure to reply to the recital in the last paragraph in (the letter dated January 3) which reads, ‘Kindly consider this letter as a demand to meet the requirements as stipulated in your policy for damages sustained by said loss’ and by the last paragraph in (the letter dated January 25), which reads, ‘Kindly consider this letter as a full compliance with the conditions stipulated in the policy relative to reporting-loss, if it is not so considered please let me know, otherwise I shall consider it sufficient. Kindly acknowledge receipt of this letter. ’ ”
At no time was there evidence that the defendant objected to the sufficiency of these notices of claim by the plaintiff. The plaintiff sought to learn from the defendant whether her letters of claim were sufficient and in her letter of claim of January 25, 1945 she specifically requested that she be notified “If it is not so considered please let me know, otherwise I shall consider it sufficient. Kindly acknowledge receipt of this letter.”
“I find as a fact that the defendant waived any formal preliminary proofs of loss required by the policy and is estopped from setting up the express stipulation in its policy for filing a detailed sworn proof of loss within ninety days. I find that at no time was the refusal of the defendant to pay or the denial of liability predicated on the failure of the plaintiff to furnish preliminary formal sworn proofs of loss. I find that the defendant was in no way harmed by any failure of the plaintiff to file formal sworn proofs of loss as it was in possession of all details of the plaintiff’s loss.”
*122 The defendant’s requests and the court’s disposition thereof were as follows:
‘ ‘ 1. There is no evidence that the plaintiff has complied with the conditions of the policy as to filing proof of loss. Denied as this request is inapplicable to the facts found .* 2. 'The burden is on the plaintiff to show compliance with the conditions of the policy as to filing “Proof of Loss”. Allowed as a general proposition, but inapplicable to the facts found in this case. 3. If the plaintiff failed to comply with the conditions of the policy as to Proof of Loss, the finding must be for the defendant. Denied as inapplicable to the facts found in this case. 4. There is no evidence of waiver of the condition as to filing Proof of Loss on the part of the defendant. Denied■ — as I find specifically that the defendant waived the filing of sworn proofs of loss. 5. The plaintiff cannot recover under the declaration as she failed to allege in compliance with the terms of the policy as to Proof of Loss. Denied — as inapplicable to the facts found.”
The condition in the policy requiring the insured to file with the company or its agent, ‘ ‘ a detailed sworn proof of loss within ninety days from date of loss” was a condition precedent to the right of the plaintiff to recover. Ray v. Fidelity & Deposit Co. of Maryland, 275 Mass. 184, 185. Paulauskas v. Fireman’s Fund Ins. Co., 254 Mass. 1, 3. The plaintiff must allege and prove that she has complied with the condition unless performance has been excused or performance has been waived. Ray v. Fidelity & Deposit Co. of Maryland, supra. Larner v. Massachusetts Bonding & Ins. Co., 238 Mass. 80. Aisenberg v. Royal Ins. Co. Ltd., 266 Mass. 543. Holich v. Globe & Rutgers Fire Ins. Co., 272 Mass. 587. Paulauskas v. Fireman’s Fund Ins. Co., supra. Chauncey v. Royal Ins. Co. Ltd., 275 Mass. 243. Bouvier v. Craftsman Ins. Co., 300 Mass. 5. ‘The.only evi *123 deuce with regard to an excuse or waiver of this condition is that the attorney for the plaintiff wrote two letters to the defendant notifying it of the loss and in the first asking that the letter he considered as a proof of loss and in the second letter stating “Kindly construe this letter as a full compliance with the conditions stipulated in the policy relative to reporting the loss” and asking if it was not so construed to let him the attorney know.
To neither of these two letters did the defendant reply nor was there any evidence that the defendant did anything further relative to the claim of loss.
Failure of the defendant to do anything is not evidence that will support a finding that there was either a waiver or estoppel. Ray v. Fidelity & Deposit Co. of Maryland, supra. Chauncey v. Royal Ins. Co., supra. Zick v. Boston Casualty Co., 282 Mass. 491. Bouvier v. Craftsman Ins. Co., 300 Mass. 5, 12. Boruszweski v. Middlesex Mut. Assurance Co., 186 Mass. 589. There was error in denying the defendant’s requests raising the question that the evidence did not support a waiver.
Gen. Laws, ch. 175, sec. 102 is limited to loss under fire insurance policies and is not applicable to the policy in this case. Holich v. Globe & Rutgers Fire Ins. Co., 272 Mass. 587, 590.
As the granting of these requests would have prevented recovery by the plaintiff the order is Finding for the plaintiff vacated. Judgment for the defendant ordered.

The trial court’s rulings and findings on each of the defendant’s requests for rulings are printed in italics following the request.